HENDRY, Judge.
Louise Kaplan initiated this law suit by filing her complaint for declaratory judgment, quieting of title, and other relief against the appellant. The relief which the plaintiff sought in this action was a finding by the circuit court that a certain recorded judgment, owned by the appellant, created no lien on certain real property; she also requested an injunction barring any claim to that property by appellant. Final judgment was entered in favor of the appellee, wherein the court found that the judgment owned by appellant created no lien or liens or encumbrances on the real property.
During her marriage, the appellee and Alan Kaplan resided as husband and wife at the property in issue. Differences arose between the parties in 1961, and on January 5, 1961, a Property Settlement Agree *431 ment was entered into between Alan Kap-lan and Louise Kaplan. On January IS, 1962, Alan Kaplan and Louise Kaplan executed and delivered to the appellee’s attorney a warranty deed which conveyed the real property to Louise Kaplan.
On January 31, 1962, the final decree of divorce was entered in the circuit court, which final decree included the Property Settlement Agreement. That final decree of divorce was recorded in the Chancery Order Book of the Dade County Public Records on February 2, 1962. The final decree of divorce was not, however, then recorded in the Official Record of the court.
About the same time that the divorce proceedings were drawing to a conclusion, Alan Kaplan was engaged in a separate, independent law suit involving the appellant, Max Bauer, d/b/a Max Bauer Meat Packer, Inc. The forum for that litigation was the Civil Court of Record and appellant Bauer obtained a summary final judgment against Alan Kaplan for $3,618.00. That final judgment was entered on February 16, 1962, and recorded in the Official Record Book of the Dade County Public Records on February 20, 1962.
On March 15, 1962, the warranty deed from Alan Kaplan and Louise Kaplan, his wife, to Louise Kaplan, which conveyed the property to Louise Kaplan pursuant to the divorce decree, was then recorded in the Official Record Book of the Dade County Public Records.
Thus, the chronology outlined above presents the issue as to which of the parties to this appeal has priority in regard to the real property. We hereby hold that the circuit court correctly determined that the priority was with the appellee.
The basic issue is whether the appellant as judgment creditor of Alan Kaplan, was without notice of the prior, but unrecorded (in the Official Record Book of the Dade County Public Records) deed. We have concluded that appellant had notice. The final decree of divorce served to put the appellant on constructive notice. We choose to base this conclusion on the fact that the final decree of divorce was duly recorded in the Chancery Order Book. See 28 Fla.Jur. Records and Recording Acts, § 6.
Section 28.21(5) Fla.Stat., F.S.A. (1967) authorizes the clerk of the circuit court to keep a Chancery Order Book such as the one in which the appellee’s divorce decree was recorded. In § 28.221, Fla.Stat., F.S.A. (1967) the Legislature authorized an alternative method by which the clerks of the circuit courts could record all official instruments of the court in a general series to be called “the official records”. We hold that the recordation of the divorce decree in the Chancery Order Book, as prescribed by § 28.21, supra, served to put the appellant on notice as effectively as a recordation in the Official Record Book, pursuant to § 28.221, supra, would have done had that method been used. Compare Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, 144 So. 481.
Therefore, for the reasons stated above, we hereby hold that the conveyance of the property by warranty deed, pursuant to the final decree of divorce which was recorded in the Chancery Order Book, put the appellant on notice so that his judgment lien could not defeat the priority of the appellant to the property. The final judgment is therefore affirmed.
Affirmed.