530 So.2d 499 (1988)
Julian Stanley PATERSON, Appellant,
v.
Isidore BRAFMAN, Appellee.
No. 87-221.
District Court of Appeal of Florida, Third District.
September 6, 1988.
*500 S. Melvin Apotheker, Miami, for appellant.
Keith, Mack, Lewis, Allison & Cohen and Jeffrey P. Shapiro, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Reversing a trial court judgment to the contrary, we hold that an equitable transfer of title to realty effected by a duly recorded final judgment of dissolution has priority over a subsequent mortgage executed by the previous owner of the property.
The issue is presented upon the following undisputed facts. A May 6, 1985 final judgment of dissolution between Julian and Dorothy Paterson, which was recorded in an official records book on May 10, 1985, provided, in part, as follows:
4. Dorothy Megan Paterson is hereby ordered as follows:
A. To convey the Husband, forthwith, as partial equitable distribution in the form of lump sum alimony, the home owned by the wife at 8210 NW 30th Avenue, Miami, Florida.
Contrary to this requirement, Dorothy did not immediately execute a deed to the property in question.[1] Instead, on July 26, 1985, she executed a $15,000 note and mortgage on the property to a mortgage company which later assigned them to the present appellee, Brafman. When the note was not paid, Brafman brought the instant foreclosure action in which Julian Paterson was ultimately named as a co-defendant. Notwithstanding his claim that his rights to the property under the dissolution judgment took precedence over those of the mortgagee, the trial court foreclosed the mortgage and Julian Paterson has taken this appeal.
Our reversal is founded upon the basic, irrefutable principle that those who subsequently deal with real property are placed on constructive notice of the relevant contents of a properly recorded instrument, such as the final judgment of dissolution involved here. § 28.222(3)(c), Fla. Stat. (1985);[2] see § 695.11, Fla. Stat. (1985);[3] *501 Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, 144 So. 481 (1932); Sharpe v. Calabrese, 528 So.2d 947 (Fla. 5th DCA 1988); Hieber v. Florida Nat'l Bank, 522 So.2d 878 (Fla. 3d DCA 1988); Leffler v. Smith, 388 So.2d 261 (Fla. 5th DCA 1980), pet. for review denied, 397 So.2d 778 (Fla. 1981).
The applicability of this immutable doctrine to this situation is established by two Florida decisions. First Fed. Sav. & Loan Ass'n v. Fisher, 60 So.2d 496 (Fla. 1952); Bauer v. Kaplan, 233 So.2d 430 (Fla. 3d DCA 1970), cert. denied, 238 So.2d 430 (Fla. 1970). In Fisher, the Supreme Court held that a subsequent mortgagee's interest was subject to an earlier transfer of title effected by a separation agreement which was incorporated only by reference in a previously recorded judgment of divorce. The court held in part:
Another theory of the case[[4]] is that the appellant, by searching the records in the office of the Clerk of the Circuit Court of Dade County, Florida, would have found the divorce decree and property settlement appearing upon the record, and a provision thereof which is viz.: "Ordered, adjudged and decreed that the agreement heretofore entered into by and between the complainant and defendant herein, dated September 11, 1939, providing the matters of custody of the child, P. Graham Fisher, his maintenance, the matters of alimony and property settlements, be and the same is hereby in all respects approved * * *."
It is our view and conclusion that the decree appealed from should be and it is hereby affirmed on the authority of Sapp v. Warner, supra.
First Fed. Sav. & Loan Ass'n v. Fisher, 60 So.2d at 499. Likewise in Bauer, it was held that a transfer of realty contained in an agreement made a part of a previously recorded divorce judgment was superior to a subsequent judgment lien. See also 6A Powell on Real Property § 905[1] (1987) (citing Fisher). These cases require reversal in this one on what is indeed an a fortiori basis. This is true both because, as we have seen, Fisher and Bauer each involves interests which appear in a document only referred to in the judgment, rather than, as here, in the recorded instrument itself, and because the judgment in Bauer was certainly, and the one in Fisher was very likely, recorded in a separate judgment (Fisher) or Chancery order book (Bauer) which were then statutorily authorized, rather than the single official record book which now exists for all instruments. See § 28.222(2), Fla. Stat. (1985).[5]
Finally, we find no merit at all in the appellee's claim that the principles of constructive notice provided by the recording statute do not apply because the property was designated by the street address rather than the legal description. See Baker v. Baker, 271 So.2d 796 (Fla. 3d DCA 1973), cert. denied, 278 So.2d 285 (Fla. 1973). To reach this conclusion we need go no farther than Fisher, in which the property was likewise described only by street address. *502 Accord R. Boyer, Survey of the Law of Property 444 (3d ed. 1981) ("Deeds describing land by street number or `all my land' are considered valid descriptions provided they are identified as within a particular city, town, county or state.").
For these reasons,[6] the judgment is reversed and the case is remanded with directions to dismiss the complaint for foreclosure.
REVERSED.
NOTES
[1] Indeed the formal transfer did not take place until a commissioner, appointed by the court for that purpose, executed a deed subsequent to the pertinent events in this case.
[2] 28.222 Clerk to be County Recorder. 

(1) The clerk of the circuit court shall be the recorder of all instruments that he may be required or authorized by law to record in the county where he is clerk.
(2) He shall record all instruments in one general series of books called "Official Records." He shall keep a register in which he shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument. He shall maintain a general alphabetical index, direct and inverse, of all instruments filed for record.
(3) The clerk of the circuit court shall record the following kinds of instruments presented to him for recording, upon payment of the service charges prescribed by law:
(a) Deeds, leases, bills of sale, agreements, mortgages, notices or claims of lien, notices of levy, tax warrants, tax executions, and other instruments relating to the ownership, transfer, or encumbrance of or claims against real or personal property or any interest in it; extensions, assignments, releases, cancellations, or satisfactions of mortgages and liens; and powers of attorney relating to any of the instruments.
(b) Notices of lis pendens, including notices of an action pending in a United States court having jurisdiction in this state.
(c) Judgments, including certified copies of judgments, entered by any court of this state or by a United States court having jurisdiction in this state and assignments, releases, and satisfactions of the judgments.
[3] 695.11 Instruments deemed to be recorded from time of filing.  All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the State of Florida, and which are to be recorded in the "Official Records" as provided for under s. 28.222, and which are filed for recording on or after the effective date of this act, shall be deemed to have been officially accepted by the said officer, and officially recorded, at the time he affixed thereon the consecutive official register numbers required under s. 28.222, and at such time shall be notice to all persons... .
[4] The fact that this was an alternative holding of the court does not detract from its binding authority. See Clemons v. Flagler Hosp., Inc., 385 So.2d 1134, 1136 n. 3 (Fla. 5th DCA 1980).
[5] See supra note 2.
[6] Much of the appellee's presentation is devoted to a parade of the horribles argument that Florida conveyancing would be destroyed if an instrument like this were permitted to interfere with the chain of title, in the admitted absence of either a lis pendens or the filing of a certified copy which would have created a lien under section 55.10, Florida Statutes (1985). We completely reject this view.

It is not necessary in this case even to address the very doubtful proposition, implicit in the appellee's argument, that alleged "practicalities" should require adjustment of the requirements of the law, rather than vice versa. This is because, as we understand it, the "practicalities" have long since been adjusted, as they should be, to reflect the established principles we apply here. Thus, a final judgment of dissolution would appear in a "name search" which is a part of every title examination. The careful reader need only refer to the contents of the instrument, of which the law says he is on constructive notice, in order to discover the applicable provision. (Indeed, in this very case, we were told at oral argument that the mortgagee's attorney had actual notice of the existence of the divorce judgment, through the "name search," but did not read it, and, with respect to the description issue, that the very document upon which he based his title search designated the property by its street address alone.)