551 So.2d 585 (1989)
Carroll Crim WILLIAMS, Appellant,
v.
Ruth W. SHULER, Appellee.
No. 89-281.
District Court of Appeal of Florida, First District.
November 1, 1989.
*586 R. Vinson Barrett of Eubanks & Barrett, Tallahassee, for appellant.
Valerie E. Janard, Quincy, for appellee.
PER CURIAM.
We are asked to review a trial court's final judgment declaring the parties tenants in common of a parcel of real property, and ordering a sale or partition. We reverse.
In 1954, while the parties were married, the husband purchased five acres of Gadsden County property from his wife's niece. The deed was executed solely in the husband's name and was properly recorded in the public records of Gadsden County. The record reflects that the wife was not present at the signing, and did not become aware of her noninclusion in the deed until shortly before the proceedings below were instituted.
In 1964, the parties obtained a divorce in Leon County. The Final Decree dissolving the marriage incorporated a Stipulation that the parties had entered into "as though set forth in full." The Stipulation contained a provision "that each the Plaintiff and the Defendant shall be entitled to one-half of the remaining real property in Gadsden County, or one-half the proceeds from the sale of the same in the event they can not reach an equitable division." Although the parties agree that the five acre parcel is the one referred to in the Stipulation, neither the Stipulation nor the Final Decree offered a description of the property.
Following the divorce, the husband paid property taxes, cleared a portion of the property, and installed some fencing. Although the parties could have contacted each other concerning the property, the record reflects that no such contact was made for almost twenty-one years following the divorce. The question of ownership was not raised until 1985, at which point the parties began discussing the possibility of a sale. When agreement could not be reached, the wife brought suit for partition alleging that she and her former husband were tenants in common. The husband defended by asserting various statutes of limitations.
After a non-jury trial, the trial court issued a judgment ordering the sale of the property and division of the proceeds. The court found that a tenancy in common was created in 1964 by the Final Decree and its incorporation of the parties' Stipulation.
On appeal, the husband argues that the Final Decree did not convey an interest in the property. Thus, no tenancy in common was created, and the wife only possessed a judgment which was susceptible to the twenty-year statute of limitations contained in section 95.11(1), Florida Statutes (1987). The wife argues that the Final Decree made her a tenant in common which interest could not be erased by the mere passage of time. Alternatively, she asserts that the result should be affirmed on a constructive or resulting trust theory. The issue on appeal is whether the Final Decree and incorporated Stipulation acted to convey the property.
There appear to be two ways in which real property can be conveyed through a final judgment of dissolution. The judgment *587 can require a party to execute a conveyance, or the judgment itself can vest title as if it were an executed conveyance. Both approaches are outlined in Rule 1.570, Florida Rules of Civil Procedure, and in its predecessor, Rule 3.15, which was in effect when the Final Decree was entered.
Plainly, the Stipulation and the Final Decree did not require the husband to execute a conveyance in favor of the wife. The language of the documents merely provides that each party "shall be entitled to one-half" of the property or proceeds; neither party is required to act. In addition, if the Decree required performance of an act, it would have to provide for a period of time within which the required act must be performed. Fla.R.Civ.P. 1.570(c)(1). The absence of such a provision is further proof that the Decree did not contemplate action on the part of the husband.
It is well established that a judgment for conveyance of real property can itself have the effect of a duly executed conveyance and can be recorded as such. Fla.R.Civ.P. 1.570(d). In the instant case, however, the Stipulation and the Final Decree were incapable of vesting title because neither document contained, or even made reference to, a legal description of the property and interests involved. In addition, it would be peculiar to treat the Final Decree as conveying an interest in the property given the wife's testimony that she believed her name was on the deed. Such a belief would have made a conveyance unnecessary.
Furthermore, we find the record insufficient to uphold the trial court's result on either a constructive or resulting trust theory.
REVERSED.
THOMPSON and MINER, JJ., concur.
SMITH, J., specially concurs with opinion.
SMITH, Judge, specially concurring with opinion.
I agree with the majority that the Final Decree was neither a conveyance nor an order requiring the husband to convey property, and there is no basis for a finding of a constructive or resulting trust. The decree did confer upon the wife the right to seek  by judicial proceedings if necessary  a sale of the property and division of proceeds. Having delayed taking legal action to enforce her claim for more than the 20-year limitation period prescribed by section 95.11, Florida Statutes, for an "action on a judgment or decree of a court of record ...," her claim is barred and should have been dismissed.