In re: **Richard B. FLAMMER, Debtor**

**Richard B. FLAMMER, Plaintiff**

v.

**Courtney Ann JAY f/k/a Courtney Ann Flammer, Defendant.**

**Bankruptcy No. 90–05629–8P1.
Adv. No. 92–402.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 29, 1993.

Daniel J. Herman, for defendant.

Bernard J. Morse, IV, for plaintiff.

### ORDER ON SECOND MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case, and the matter under consideration is a Motion for Summary Judgment filed in the above-captioned adversary proceeding instituted by Richard B. Flammer (Debtor), against his former wife, Courtney Ann Jay, (Defendant–Counterclaimant). The claim asserted by the Plaintiff is based upon 11 U.S.C. § 523(a)(5) and seeks a determination that certain provisions of the Final Judgment of Dissolution of marriage dealing with transfer of

real estate are dischargeable as being in the nature of a property settlement. The Defendant in her Counterclaim seeks a determination that title to the properties in question passed to her as a matter of law when the Judgment of Dissolution was recorded prior to the filing of the petition in bankruptcy. It is the contention of both parties that there is no genuine issue of material fact and, therefore, this adversary proceeding may be resolved as a matter of law.

The Court has considered the Motions, together with the record, and finds the undisputed facts relevant to a resolution of this matter to be as follows:

On March 24, 1992, the Circuit Court for Pinellas County, Florida, entered an Amended Final Judgment of Dissolution of Marriage. One provision of the judgment is particularly relevant to the present controversy. The Judgment awarded the wife four parcels of property, described in Paragraph 5a as follows:

1) the marital home located at 1016 Woodruff Avenue, Clearwater, Florida;

2) duplex located at 1148 LaSalle Street, Clearwater, Florida;

3) house located at 11690 129th Avenue North, Largo, Florida; and

4) vacant lot located in Oldsmar, Florida.

Paragraph 6 of the Judgment directed Mr. Flammer to "effectuate the appropriate transfers by executing all documents necessary to transfer title on each parcel of real property awarded to" his former wife. Furthermore, the Judgment required that the title transfers be carried out within thirty days from the date of the Judgment. The Judgment entered by the Circuit Court was recorded on March 24, 1992.

On April 24, 1992, thirty-one days after the Judgment was entered and recorded, the Debtor filed his voluntary petition in bankruptcy. On May 21, 1992, this adversary proceeding was commenced upon the Debtor's filing of a Complaint to Determine Dischargeability under 11 U.S.C. § 523(a)(5). On June 19, 1992, the Defendant filed her answer and on August 21, 1992, she filed a Motion for Summary Judgment. This initial motion was ultimately denied by the Court without prejudice with leave to file a counterclaim for declaratory relief. The counterclaim, filed on October 15, 1992, was accompanied with a second Motion for Summary Judgment. It is this motion that is now under consideration.

Based on these uncontroverted facts, it is the Defendant's contention that the entry of the final judgment by the Circuit Court had the effect of transferring legal or, in the alternative, equitable title to the previously mentioned real properties to her by virtue of Florida Statutes § 61.075(4) which provides:

"The judgment distributing assets shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition which is recorded in the county where the property is located when the judgment, or a certified copy of the judgment, is recorded in the official records of the county in which the property is located." F.S. §§ 61.075(4).

As an alternative, the Defendant contends that Florida Rule of Civil Procedure 1.570 mandates that title to the four properties is vested in her. Specifically, the Rule states at subsection (d) as follows:

"If the judgment is for a conveyance, transfer, release or acquittance of real or personal property, the judgment shall have the effect of a duly executed conveyance, transfer, release or acquittance that is recorded in the county where the judgment is recorded."

The Debtor does not disagree with the relevance of the Statute relied on by the Defendant, but contends that because the Final Judgment of Dissolution of Marriage fails to supply an appropriate legal description to the real properties awarded, the judgment may not act as a duly executed conveyance. Thus, the issue presented is whether a legal description is required to effect a transfer of real property through the action of Florida Statutes § 61.075(4) or through the action of Rule 1.570(d), Florida Rules of Civil Procedure.

In making his assertion, the Debtor relies primarily on the case of *Williams v.*

*Shuler,* 551 So.2d 585 (Fla. 1st DCA1989). In *Williams,* the parties obtained a divorce decree which incorporated a Stipulation that the parties entered into. The Stipulation contained a provision that each party "shall be entitled to one-half of the remaining property in Gadsen County, or one half of the proceeds from the sale of the same in the event they can not reach an equitable division." The court held that, within the context of Rule 1.570, Florida Rules of Civil Procedure, the provision was incapable of vesting title because it did not contain or make reference to a legal description of the property and interests involved. (Note that F.S. § 61.075 went into effect on October 1, 1988, well after the filing of the *Williams* decree.) The Debtor asserts that this rule would be appropriately applied in the instant situation because inadequate descriptions of real property do not provide notice as to what property is being conveyed.

■ A better rule is found within *Paterson v. Brafman,* 530 So.2d 499 (Fla. 3rd DCA1988). In *Paterson,* a former wife executed a mortgage on property that she was required to deed to her former husband as required by the final judgment of dissolution. The judgment described the property by street address and was recorded prior to the mortgage. The court held that the equitable title effectively transferred by a duly recorded final judgment of dissolution had priority over the subsequent interest holder. Therefore, upon recording a final judgment of dissolution, an equitable transfer of title occurs. Under *Paterson,* this equitable title has priority over subsequent interest holders who would otherwise take from the holder of legal title.

The appellee in *Paterson,* as in this proceeding, argued that a legal description is required for valid transfer. The court dismissed this argument, stating that property described by street address rather than legal description provides sufficient constructive notice by way of the recording statute. See *Baker v. Baker,* 271 So.2d 796 (Fla. 3rd DCA1973), cert. denied, 278 So.2d 285 (Fla.1973). In the instant situation, it necessarily follows as a matter of law that equitable title to the three properties described by street address and awarded to the wife passed to her upon the recording of the Amended Final Judgment of Dissolution of Marriage.

■ However, the property identified as the "vacant lot located in Oldsmar" is clearly insufficiently described and the decree does not operate as an effective conveyance. The record presented for summary judgment supplies insufficient facts to determine its disposition as a matter of law. There remains a genuine issue as to the specific piece of property referred to as the "vacant lot". Facts not in evidence are required to clarify the ambiguity. See *Bajranji v. Magnethel Enterprises, Inc.,* 589 So.2d 416 (Fla. 5th DCA1991).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Summary Judgment be, and the same is hereby, granted with respect to the disputed properties described in the Amended Final Judgment of Dissolution of Marriage by street address, and denied with respect to the disputed property described in the Amended Final Judgment of Dissolution of Marriage as the "vacant lot".

DONE AND ORDERED.