675 So.2d 1003 (1996)
John T. HADDEN III, Appellant,
v.
Emilio CIRELLI, et al., Appellees.
No. 95-2235.
District Court of Appeal of Florida, Fifth District.
June 14, 1996.
*1004 Dennis Wells, Lake Mary, for Appellant.
Stephen P. Sapienza, Bunnell, for Appellees.
ANTOON, Judge.
John T. Hadden III (John Hadden) appeals the final summary judgment determining that he has no interest in two parcels of property, and quieting title in favor of appellee, Emilio Cirelli. We reverse.
During their marriage, John Hadden's mother, Kathleen (mother), and father, John Thomas (father), purchased two parcels of property (Parcels A and B),[1] which they held as tenants by the entireties. The mother and father divorced in 1967, but later remarried. Their second marriage was dissolved in 1978 by a final judgment of dissolution of marriage entered in Volusia County. The judgment directed the father to convey certain parcels of property to the mother, including Parcel A, but was silent as to the disposition of Parcel B. The judgment provided in part:
4. This Court renders full faith and credit to that certain Final Judgment entered November 2, 1967 ....which Final Judgment dissolved the previous marriage of the parties to the instant cause and incorporated by reference the Property Settlement Agreement of the parties ....wherein and whereby the Respondent-Husband, JOHN THOMAS HADDEN, JR. agreed to convey his interest in certain properties owned jointly by the parties hereto to the Petitioner-wife, KATHLEEN HADDEN.
5. In consideration of the aforesaid Final Judgment, the Respondent-Husband is ordered and directed by this court to convey all right, title, and interest in the following described real properties to the Petitioner-wife within 20 days of the entry of this Final Judgment ... (Emphasis added).
The father never executed a deed conveying his interest in either Parcel A or Parcel B to the mother.
Thereafter, federal tax liens were imposed against the mother. Her interest in the properties was seized, and later sold to Emilio Cirelli at public auction. In 1994, Mr. Cirelli sued to quiet title in Parcels A and B. His complaint sought, among other things, to extinguish the father's interests in the two properties. The complaint asserted that Mr. Cirelli obtained sole title to the properties when he acquired the mother's interests at the public auction.
The trial court permitted John Hadden to intervene and answer the complaint to quiet title. In response to Mr. Cirelli's motion for summary judgment, John Hadden submitted his affidavit stating that he had an ownership interest in Parcels A and B because he had purchased his father's interests in the two properties. To support this assertion, he filed copies of two unrecorded deeds purporting to show that the father had transferred his interests in both parcels to him. He also filed his mother's affidavit stating that, notwithstanding the terms of the 1978 dissolution judgment, she and the father had agreed that each would retain a one-half interest in the marital real estate after their marriage was dissolved.
The trial court entered summary judgment quieting title in favor of Mr. Cirelli. In so ruling, the court found that John Hadden had no interest in either Parcel A or Parcel B because the 1978 dissolution judgment automatically transferred the father's interest in the property to the mother. The trial court found that after the dissolution judgment was entered the father's only interest in the properties was that of "record title" holder, and thus, the father had no interest which could be subsequently conveyed.
John Hadden appeals the trial court's ruling, arguing that the trial court erred in finding that, as a matter of law, the 1978 dissolution judgment operated to transfer the father's interests in Parcels A and B to the mother. We agree.
We first address Parcel B. The 1978 dissolution judgment makes no mention of Parcel B, and there is no record evidence that the father ever transferred his interest in this parcel to the mother. The record *1005 only shows that the father and mother held this property as tenants by the entireties during their marriage. Under these circumstances, the trial court's ruling that the 1978 dissolution judgment extinguished the father's interest in Parcel B must be reversed. We note that John Hadden's submission of the unrecorded deed to Parcel B creates, at the very least, an issue of fact concerning whether John Hadden has an ownership interest in the property.
As for Parcel A, there are two circumstances in Florida wherein the entry of a dissolution judgment operates to transfer title to real property. One is outlined in section 61.075(4), Florida Statutes (Supp.1994), and the other is set forth in Florida Rule of Civil Procedure 1.570. Section 61.075(4), provides in pertinent part:
61.075 Equitable distribution of marital assets and liabilities.
* * * * * *
(4) The judgment distributing assets shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition which is recorded in the county where the property is located when the judgment, or a certified copy of the judgment, is recorded in the official records of the county in which the property is located.
However, this provision was not enacted until October 1, 1994sixteen years after the instant dissolution judgment was entered. Both parties properly agree that the terms of the statute cannot be applied retroactively and, as a result, the statute is not relevant to the resolution of this appeal. See Arrow Air, Inc. v. Walsh, 645 So.2d 422 (Fla.1994) (retroactive application of a statute is not available absent a clear expression of legislative intent). In any event, the statute refers to a "judgment distributing assets," and the 1978 dissolution judgment did not distribute assets. Thus, even if retroactively applied to the facts in this case, the statute would be irrelevant.
Rule 1.570(d) also addresses the issue of when entry of a judgment operates to convey an interest in real property:
Rule 1.570 ENFORCEMENT OF FINAL JUDGMENTS
* * * * * *
(d) Vesting Title. If the judgment is for a conveyance, transfer, release, or acquittance of real or personal property, the judgment shall have the effect of a duly executed conveyance, transfer, release or acquittance that is recorded in the county where the judgment is recorded.
Mr. Cirelli maintains that application of this rule supports the trial court's conclusion that the 1978 dissolution judgment conveyed the father's interest in Parcel A to the mother. This argument is without merit because the specific language of the dissolution judgment is not "for a conveyance [or] transfer" of the property. Instead, the judgment merely directed the father to convey all right, title, and interest in Parcel A to the mother within 20 days of the entry of the judgment. As noted above, no such transfer ever occurred.
Mr. Cirelli further maintains that, even if we conclude that section 61.075(4) and rule 1.570 do not apply to the facts in this case, the trial court's ruling concerning Parcel A can be affirmed because our courts have recognized certain additional circumstances where the entry of a dissolution judgment conveys title to real property. While we acknowledge the existence of such case law, it is inapplicable to the facts of the instant case.
A final dissolution judgment can transfer a party's interest in real property when the language of the judgment specifically operates to transfer an interest or recognizes an existing interest. For example, in Sharp v. Hamilton, 520 So.2d 9, 10-11 (Fla. 1988), the supreme court held that a "judgment of dissolution ordering [the wife] be awarded full title to the entireties' property as lump sum alimony operates as a defeasance of the husband's interest in the property..." In Liberman v. Kelso, 354 So.2d 137, 139 (Fla. 2d DCA 1978), the second district reached the same conclusion, stating that "... the transfer of the husband's interest to the wife pursuant to the judgment of dissolution was equivalent to the defeasance of the *1006 husband's interest in the property...." Similarly, in Holt v. Boozel, 394 So.2d 226 (Fla. 5th DCA 1981), this court concluded that the final dissolution judgment was sufficient to divest the husband of an interest in real property by recognizing the wife's special equity in real property and declaring it to be her sole and exclusive property.
These cases are factually distinguishable because the language in the dissolution judgments was self-executing; that is, the language either actually transferred a property interest from one spouse to the other, or declared that one spouse held a superior interest in the property prior to the dissolution of marriage. In contrast, the Hadden's 1978 dissolution judgment was not self-executing. It did not operate to automatically transfer the father's interest, nor did it recognize a special equity of the mother. The judgment merely incorporated the terms of the parties' settlement agreement and then directed the father to transfer his interest in Parcel A to the mother within 20 days. When the father failed to comply, the judgment did not automatically operate to transfer his interest in Parcel A to the mother.[2]
In conclusion, although the trial court may have reasonably questioned whether the execution of the two deeds by the father after the commencement of Mr. Cirelli's quiet title action was made in good faith, the instant record contains issues of material fact concerning John Hadden's ownership interests in Parcels A and B. Accordingly, we must reverse the summary judgement order.
REVERSED.
PETERSON, C.J., and DAUKSCH, J., concur.
NOTES
[1] Parcel A is described as Tract No. 16 located in Volusia County. Parcel B is described as Lots 4, 6, 7, and 8 in the Jefferies Subdivision in Lake Helen.
[2] The mother certainly could have enforced the father's obligation to transfer his interest in the property by utilizing subsection (c) of rule 1.570 which provides that one who fails to transfer an interest in real property who is required to do so in a judgment, is subject to contempt. Subsection (c) also provides for the appointment of a person to convey title.