**In re Henry Lee WOOD a/k/a H.L. Wood a/k/a Poncho Wood, Debtor.**

**Leigh R. MEININGER, Plaintiff,**

**v.**

**Jacquelyn Louise WOOD and Ronald M. Bergeron, Sr., Defendants.**

**Bankruptcy No. 95–1091–6B7.
Adv. No. 95–309.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 22, 1996.

Leigh R. Meininger, Orlando, FL, for Plaintiff.

Richard B. Webber, Orlando, FL, for Defendant Wood.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Plaintiff's, Leigh R. Meininger ("Trustee"), Complaint for Declaratory Relief (Doc. 1). Appearing before the Court were James E. Foster, attorney for the Trustee, Leigh R. Meininger; and Richard B. Webber, attorney for the Defendant, Mrs. Wood. After reviewing the complaint, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Henry Lee Wood ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on March 8, 1995. The Trustee initiated an adversary proceeding against Mrs. Wood and Ronald M. Bergeron, Sr. ("Mr. Bergeron") on November 3, 1995 by filing a Complaint to Determine Declaratory Relief.

The Debtor and Bergeron Land Development, Inc. ("BLD") executed an Agreement for Sale and Purchase ("Agreement") in May of 1994. The Agreement required the Debtor to sell a parcel of real estate to BLD for $750,000.00 provided that Debtor would finance the transaction by accepting a wrap-around promissory note and mortgage from BLD. BLD did not execute the wrap-around promissory note nor the mortgage, because in June, the Debtor, BLD, and Mr. Bergeron executed an Assignment of Deposit, Receipt, and Contract for Sale. BLD assigned its interest in the Agreement to Mr. Bergeron.

Mr. Bergeron executed a wrap-around promissory note ("Note") requiring him to make 23 monthly interest payments, a balloon payment of the principal balance, plus any accrued interest to the Debtor. Mr. Bergeron was directed by the Note to tender all payments to the Debtor in care of Osceola National Bank n/k/a Southern Bank of Central Florida ("Bank"), which holds the first mortgage on the property. Funds not used to satisfy the mortgage are being held in an interest bearing escrow account at the Bank, pending final judgment.

The Debtor and Mrs. Wood executed a Marital Settlement Agreement in September of 1991 which was incorporated into a Final Judgement of Dissolution of Marriage. The Debtor failed to comply with the terms of the Marital Settlement Agreement. Mrs. Wood filed a Renewed Motion for Enforcement of the Final Judgment of Dissolution with the state court in September of 1994. The state court granted Mrs. Wood's motion and ordered in pertinent part:

1. The Former Wife's Renewed Motion for Enforcement of Final Judgment of Dissolution of Marriage be and the same is hereby granted. The Former Husband is accordingly found in breach and violation

326

of the parties' Marital Settlement Agreement, as incorporated by this Court's Final Judgment.

5. In further partial satisfaction of the foregoing obligations, the Former Husband shall forthwith assign to the Former Wife all monthly and balloon payments to be received, on or following the date of this Order, under the Agreement for Sale and Purchase dated May 27, 1994, between HENRY L. WOOD ("Seller") and Bergeron Land Development, Inc., a Florida corporation ("Purchaser"), less that portion of the aforesaid monthly and balloon payments which are presently encumbered under said Agreement (and Supporting documentation) by Osceola National Bank.

6. In the event the Former Husband shall fail or refuse to promptly execute appropriate documents formally assigning the aforesaid payments to the Former Wife, this Order, in it of itself, does and shall serve to effectuate the fact and circumstance of such assignment, and as against the Former Husband, HENRY LEE WOOD, can be fully relied upon by Bergeron Land Development, Inc., and Osceola National Bank in order to confirm and document the fact and consequence of such assignment.

(Doc. 11, Ex. D). The Debtor failed to surrender possession of the Note. Mrs. Wood did not seek an order compelling the Debtor to surrender the Note. No constructive trust was created.

### CONCLUSIONS OF LAW

■ The issue before this Court is whether the Note is property of the estate. Section 541(a)(1) of the Bankruptcy Code provides, with certain exceptions, that all legal and equitable interests of a debtor in property as of the commencement of the case become property of the estate. 11 U.S.C.A. § 541(a)(1) (West 1993). Applicable state property law determines whether a debtor had a legal or equitable interest in property as of the Bankruptcy petition date. *In re Health Care Products, Inc.,* 159 B.R. 332, 337 (M.D.Fla.1993). A critical determination is whether any pre-petition actions transferred ownership in the subject accounts from Debt-

or to Mrs. Wood. *Id.* at 338. The state court order did not effectively transfer ownership of proceeds from the Note from the Debtor to Mrs. Wood.

Florida Rule of Civil Procedure 1.570, entitled Enforcement of Final Judgments, provides:

(c) ... if judgment is for the performance of a specific act or contract:

(1) the judgment shall specify the time within which the act shall be performed.

Fla.R.Civ.P. 1.570(c)(1). The requirements of Rule 1.570 enable the court to conveniently and efficiently secure the enforcement of judgments for specific acts.

■ The state order required performance of an act, but it failed to provide for a period of time within which the required act was to be performed. *Williams v. Shuler,* 551 So.2d 585, 587 (Fla.Dist.Ct.App.1989). *See also Parra v. Parra,* 362 So.2d 380, 381 (Fla.Dist.Ct.App.1978). The absence of a time provision renders the order inadequate. The state court order is ineffective; as a result, Mrs. Wood does not possess an equitable interest in the proceeds of the Note. Accordingly, the Note between the Debtor and Mr. Bergeron is property of the estate pursuant to § 541(a)(1).