### In re Sheldon G. WALD, Debtor.

### Janice Gotch, Plaintiff,

v.

### Sheldon G. Wald, Robert R. Frank, as Trustee; Terry R. Smith, Chapter 13 Trustee; and the United States of America, Defendants.

Bankruptcy No. 96–9523–8G3.
Adversary No. 96–1175.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 14, 1998.

Mark D. Hildreth, Sarasota, FL, for plaintiff.

Timothy W. Gensmer, Sarasota, FL, for Wald.

Karen Davis Miller, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant United States of America.

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came on for hearing on Janice Gotch's Motion for Partial Summary Judgment against the United States of America.

Janice Gotch (the "Plaintiff") filed a single count Complaint to Determine Extent, Validity and Priority of Interests in Real Property Owned by or For the Benefit of the Debtor. Named as defendants were Sheldon G. Wald (the "Debtor"), Robert R. Frank, as Trustee, Terry R. Smith, Chapter 13 Trustee, and the United States of America ("USA"). The Plaintiff is the former spouse of the Debtor. In the Complaint, the Plaintiff alleges that the Debtor owned a 45% interest in certain real property at the time of their divorce and that she was awarded one-half of the proceeds from the sale of the property if the Debtor were to sell his interest. She alleges that the Debtor conveyed his interest in the property to Frank in 1991, but that he did not pay her any proceeds derived from this transfer. She acknowledges that Frank, the Chapter 13 Trustee, and the USA may have some interest in the property, but claims that their interests are inferior to any interest she has in the property. As a result, she requests the Court to enter judgment in her favor determining that she holds and controls an absolute ownership interest in 22 ½ percent of the property by virtue of the divorce proceedings and the Debtor's alleged transfer of his interest in the property. She also requests the Court to determine that her interest is superior to the interests of all the defendants in the property.

The USA filed an Answer denying the allegations in the complaint, asserting that the Plaintiff's interest in the property was the interest of a judgment lien holder, and stating that its tax lien has priority over the Plaintiff's lien because the Plaintiff's lien is no longer valid.

The Chapter 13 Trustee did not file an answer and on January 23, 1997, the Clerk of the Court entered a default against him.

The Debtor and Frank filed an Answer admitting that the Debtor transferred his interest in the property to Frank, that the Debtor did not pay the Plaintiff any proceeds derived from the transfer, that the Debtor continues to maintain the full beneficial use and ownership of his interest in the real property, and that the USA has a lien on the real property. The Debtor and Frank, however, are without knowledge as to the priority of the USA's lien.

The Plaintiff filed a Motion for Partial Summary Judgment stating there is no genuine issue as to any material fact and that she is entitled to the entry of a judgment in her favor against the USA because she owns and holds equitable title to 22 1/2% of the real property and that her interest is superior to the interest of the USA as to her portion of the real property. She states that her equitable interest in the real property was effectuated and perfected by the recording of the Final Judgment with the Debtor retaining the right to all income from the real property for so long as he owned the property. She asserts that the recording of the Final Judgment gave constructive notice to all subsequent interest holders that she holds equitable title, and not a claim or lien, to the real property. The Plaintiff relies on the cases of *Flammer v. Jay*, 150 B.R. 474 (Bankr.M.D.Fla.1993), *Paterson v. Brafman*, 530 So.2d 499 (Fla. 3d DCA 1988), *Bauer v. Kaplan*, 233 So.2d 430 (Fla. 3d DCA 1970), and *First Federal Savings & Loan Ass'n of Miami v. Fisher*, 60 So.2d 496 (Fla.1952), to support the proposition that dispositions of property in a divorce decree effectuate a transfer of equitable title to the property at the time of entry of the decree notwithstanding that a future act may have been required by one of the spouses. Moreover, she asserts that since she has an interest in the property "akin to a remainder with all income directed to the Debtor until sale of the property," her claim is not in the nature of a lien.

The USA filed an Opposition to Plaintiff's Motion for Partial Summary Judgment. The USA states that the Plaintiff's motion should be denied because the recording of the Final Judgment in this case did not effectuate a transfer of equitable title to the Plaintiff. The USA argues that unlike the facts in the cases cited by the Plaintiff, the Separation Agreement did not direct a conveyance or transfer of property. The Separation Agreement merely entitles the Plaintiff to one-half the proceeds of the sale of the real property if the property is sold. It does not require the Debtor to sell the property, execute a conveyance or do anything with respect to his property interest. Therefore, she has a claim or lien on one-half the proceeds, if and when there are any proceeds.

The USA further claims that because the lien created by the Final Judgment is no longer valid since 20 years have expired since the date of the entry of the Final Judgment, the Plaintiff has no superior interest to the federal tax lien. In addition, the USA argues that this adversary proceeding is time barred because it was not commenced within 20 years of the entry of the Final Judgment.

### Undisputed Facts

The marriage between the Debtor and the Plaintiff was dissolved on July 12, 1973, by a Final Judgment of Dissolution entered by the Circuit Court of DeSoto County, Florida. The Final Judgment adopted and incorporated by reference a Separation Agreement executed by the Debtor and the Plaintiff. Among other things, the Separation Agreement dealt with the division of marital property. At the time of the divorce, the Debtor owned a 45% interest in real property located at 2700 South Tamiami Trail, Sarasota, Florida. Pursuant to the Separation Agreement, the Debtor agreed to convey certain real property (the former marital residence) to the Plaintiff, the Plaintiff agreed to convey certain real property (real prop-

erty in Venice, Florida) to a corporation owned by the Debtor, and parties agreed that in the event the Debtor sold the real property located at 2700 South Tamiami Trail (the Tamiami Trail Property), the Debtor would pay one-half of the proceeds to the Plaintiff. The parties also agreed that all instruments of transfer and all documents of ownership as in the opinion of counsel for the Plaintiff may be required to accomplish and record the ownership of the Plaintiff of these shall be delivered to the Plaintiff at the time of the execution of the Settlement Agreement.

7. *Division of Real Property.*

(a) The Husband will convey to the Wife, by deed executed, acknowledged and delivered at the time of the execution of this Agreement, the property which was the former home of the parties and in which the Wife now resides, subject to the outstanding mortgage thereon and subject to all covenants and restrictions of record.

(b) The real property located in Venice, Florida, now in the names of both the Husband and Wife, being the only property owned in Venice, Florida, a more complete description being attached hereto and made a part hereof and marked Schedule A, will be conveyed to a corporation of which the Husband will be the sole owner, by the Wife by deed executed, acknowledged and delivered at the time of the execution of this Agreement, subject to the outstanding mortgages thereon and subject to all covenants and restrictions of record.

(c) The Husband owns 45 per cent of the real property and building located at 2700 South Tamiami Trail, Sarasota, Florida, a more complete description being attached hereto and made a part hereof and marked Schedule B. The said property is subject to a Joint Venture Agreement, a copy of which has been furnished to the Wife, between the Husband and J. Martin Ross, D.D.S. and Gerald A. Ewing, D.D.S., dated the 30th day of December, 1966. The Husband agrees that in the event he shall sell his present interest in the said property, he will pay to the Wife one-half of the proceeds of the said sale received by him for his present 45 per cent interest, or if the said property is converted into a condominium, the Wife shall be entitled to one-half of the net proceeds realized from the sale by the Husband from the condominium purchasers. This provision shall be deemed part of the property settlement provided for herein between the Husband and Wife and shall survive the dissolution of the marriage, notwithstanding the fact that the payment shall be later made. The aforesaid proceeds shall be paid to the Wife regardless of whether the Wife has remarried or not. All other income from the said property from any sources whatsoever, other than from the sale of the said 45 per cent interest, shall belong to the Husband. Any monies paid to the Wife hereunder shall be deemed payment for any interest which she may have had in this property, legally or equitably, at the time of payment and shall be deemed income to the Wife as the sale of a capital asset to the extent of any monies paid to her hereunder, less one-half the cost basis to the Husband.

(d) All instruments of transfer and all documents of ownership, as in the opinion of counsel for the Wife may be required to accomplish and record the ownership of the Wife of the foregoing items, shall be delivered to the Wife at the time of the execution of this Agreement.

The Final Judgment, incorporating the terms of the Settlement Agreement, was entered on July 12, 1973 and recorded in the public records of Sarasota County on April 4, 1974.

On March 1, 1991, the Debtor conveyed his interest in the Tamiami Trail Property to Robert R. Frank as Trustee by quit claim deed. The quit claim deed was re-

corded in the public records of Sarasota County.

On June 21, 1991, the Internal Revenue Service recorded a federal tax lien against the Debtor's interest in the property. The federal tax lien was renewed by a re-recording on June 28, 1995.

The Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on July 23, 1996.

## Discussion

■ Rule 1.570 of the Florida Rules of Civil Procedure provides:

**Rule 1.570 Enforcement of Final Judgments**

**(c) Performance of an Act.** If judgment is for the performance of a specific act or contract:

(1) the judgment shall specify the time within which the act shall be performed. If the act is not performed within the time specified, the party seeking enforcement of the judgment shall make an affidavit that the judgment has not been complied with within the prescribed time and the clerk shall issue a writ of attachment against the delinquent party....

.    .    .    .    .

**(d) Vesting Title.** If the judgment is for a conveyance, transfer, release, or acquittance of real or personal property, the judgment shall have the effect of a duly executed conveyance, transfer, release, or acquittance that is recorded in the county where the judgment is recorded. A judgment under this subdivision shall be effective notwithstanding any disability of a party.

Section 61.075(4), Florida Statutes, provides:

**61.075 Equitable distribution of marital assets and liabilities.**

.    .    .    .    .

(4) The judgment distributing assets shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition which is recorded in the county where the property is located when the judgment or a certified copy of the judgment is recorded in the official records of the county in which the property is located.

Under the Florida Rules of Civil Procedure, there are two ways by which real property can be conveyed pursuant to a final judgment. The judgment can require a party to execute a conveyance, or the judgment shall have the effect of a duly executed conveyance itself, if properly recorded. *See* Fla.R.Civ.P. 1.570(c) & (d); *Williams v. Shuler,* 551 So.2d 585, 586–7 (Fla. 1st DCA 1989).

Additionally, in a dissolution of marriage, a judgment distributing assets shall have the effect of a duly executed instrument of conveyance, if properly recorded. *See* Fla.Stat. § 61.075(4); *Hadden v. Cirelli,* 675 So.2d 1003 (Fla. 5th DCA 1996).

In this case, the Final Judgment, which incorporates the Separation Agreement, does not contain terms necessary to provide the Plaintiff with an ownership interest in the Tamiami Trail Property. First, the Final Judgment does not require the Debtor to convey the property, and does not provide a specific period of time within which the property must be conveyed. Second, the Final Judgment does not itself convey title to or vest title in the Plaintiff. Finally, even if Fla.Stat. § 61.075(4) were to apply,[1] the Final Judgment does not distribute the property to the Plaintiff.

The Final Judgment describes the Debtor as the owner of the Tamiami Trail Property, and the provisions of the agreement and judgment are characteristic with continued ownership of the property by the Debtor. The Final Judgment recognizes that the property is subject to the terms of another agreement. It provides

---

1. It appears that Fla.Stat. § 61.075(4) may not apply to the case before the Court, since the Final Judgment in this case was entered in 1973 and the statute was enacted in 1994. *See Hadden v. Cirelli,* 675 So.2d 1003, 1005 (Fla. 5th DCA 1996).

that the Debtor retains full control over his interest in the property, and the Debtor receives all income of whatever nature from the property.

The Final Judgment requires the Debtor to make a payment to the Plaintiff when he sells his interest in the Tamiami Trail Property. If the Debtor sells his interest in the property, he must pay the Plaintiff one-half of the proceeds received by him for his interest. If the property is converted into a condominium, the Plaintiff is entitled to one-half of the net proceeds realized from the sale by the Debtor of the condominium units.

Finally, although the Final Judgment requires the Debtor to convey certain real property to the Plaintiff and requires the Plaintiff to convey certain real property to a corporation owned by the Debtor, it does not require the Debtor to convey the Tamiami Trail Property or any interest in the Tamiami Trail Property to the Plaintiff. It requires only that the Debtor make payment to the Plaintiff if he sells the property in question. All necessary instruments of conveyance were to be delivered at the time of the execution of the Settlement Agreement, and it appears that no instrument of conveyance was delivered for the Tamiami Trail Property. Additionally, the Final Judgment provides that any monies paid to the former wife shall be deemed payment for "any interest which she may have had in the property," and not payment for "her interest in the property."

The Plaintiff contends that she has an interest in the property because the judgment provides that proceeds paid to her "shall be deemed income to the Wife as the sale of a capital asset to the extent of any monies paid to her hereunder, less one-half the cost basis to the Husband." This provision addresses tax treatment, but in view of the other provisions of the Final Judgment, it does not operate to convey title to or distribute the real estate asset to the Plaintiff.

The Plaintiff has cited four cases to support her argument that the Final Judgment which was recorded served to transfer title to her. In each of those cases, however, the final judgment clearly directed a conveyance. In *First Federal Savings & Loan Ass'n of Miami v. Fisher,* 60 So.2d 496 (Fla.1952), the agreement between the parties was approved in the final decree of divorce, and in the applicable circumstances the agreement provided that "the defendant's interest in the house shall be conveyed...." In *Bauer v. Kaplan,* 233 So.2d 430 (Fla. 3d DCA 1970), a warranty deed had been executed and delivered pursuant to a divorce decree which included a property settlement agreement. In *In re Flammer,* 150 B.R. 474 (Bankr. M.D.Fla.1993), the judgment directed Mr. Flammer to effectuate the appropriate transfers by executing all documents necessary to transfer title on each parcel of real property awarded to his former wife within 30 days from the date of the judgment. Finally, in *Paterson v. Brafman,* 530 So.2d 499 (Fla. 3d DCA 1988), the former wife was ordered to convey the home to the former husband.

In *Hadden v. Cirelli,* 675 So.2d 1003 (Fla. 5th DCA 1996), the court states that "courts have recognized certain additional circumstances where the entry of a dissolution judgment conveys title to real property.... A final dissolution judgment can transfer a party's interest in real property when the language of the judgment specifically operates to transfer an interest or recognizes an existing interest." *Id.* at 1005. As the *Hadden* court concluded in the case before it, and as this Court concludes today, "[t]hese cases are factually distinguishable because the language in the dissolution judgments was self-executing; that is, the language either actually transferred a property interest from one spouse to the other, or declared that one spouse held a superior interest in the property prior to the dissolution of marriage."

In this case, the judgment did not require the former husband to execute a conveyance of the Tamiami Trail Property, and the judgment itself did not convey title to or distribute the Tamiami Trail Property to the Plaintiff. Accordingly, the Plaintiff has no ownership interest in the Tamiami Trail Property.

Further, it does not appear that the Plaintiff has a lien on the Tamiami Trail Property. "A judgment establishing liability but not determining or fixing any monetary amount of damages does not constitute a cognizable lien pursuant to Section 55.10, Florida Statutes (1979). It is simply an expectancy." *Perez v. Pearl,* 411 So.2d 972 (Fla. 3d DCA 1982). Additionally, the judgment cannot be a lien on the property because over 20 years have passed since the date of its entry, and in Florida "no judgment, order, or decree of any court shall be a lien upon real or personal property within the state after the expiration of 20 years from the date of the entry of such judgment, order or decree." Fla.Stat. § 55.081. Accordingly, whatever lien might have been created by the Final Judgment expired 20 years from July 12, 1973.

The Court concludes that the Plaintiff has no ownership interest in the Tamiami Trail Property and no lien on that property, and the Plaintiff's motion for partial summary judgment should be denied.

Accordingly,

**IT IS ORDERED** that Janice Gotch's Motion for Partial Summary Judgment is denied.

