PER CURIAM.
The former wife appeals the final judgment of dissolution of marriage, challenging the trial court’s child support award, determination of the husband’s income for support purposes, validation of the property settlement agreement, and denial of attorney’s fees. Additionally, the former wife contends that the trial court erred in failing to hold the former husband in contempt for failing to attend counseling for domestic violence. We find error only in the trial court’s calculation of child support.
From our review of the record, we are unable to determine whether the trial court considered day care expenses in computing child support. Section 61.30(7), Florida Statutes, requires that 75% of day care costs be added to the child support obligation where day care is necessary due to employment, job search, and education.
We find support, however, for the trial court’s award of $100 per month for medical insurance for the minor child. The wife testified that she paid $10 per month to insure the minor child through the Florida Healthy Kids Program. She stated that better health insurance is available through her employer for $200 per month. Section 61.30(l)(b) provides that the court may require the obligor either to provide health insurance coverage or to reimburse the obligee for the cost of health insurance coverage for the minor child when group insurance coverage is reasonably available and provided by the obligee. Because the trial court has discretion in awarding insurance costs at a “reasonable rate,” we find no abuse of discretion is the amount set by the trial court. See Haas v. Haas, 552 So.2d 221, 225 (Fla. 2d DCA 1989).
We reverse the final judgment only as to child support and remand with directions that the court consider whether child support should be recalculated to include day care expenses.
AFFIRMED in part, REVERSED in part and REMANDED.
WARNER, C.J., TAYLOR, J., and OWEN, WILLIAM C, Jr., Senior Judge, concur.