821 So.2d 1264 (2002)
Dianne F. PEGRAM, n/k/a Dianne Fay, Appellant,
v.
William L. PEGRAM, Appellee.
No. 2D00-1631.
District Court of Appeal of Florida, Second District.
August 2, 2002.
Christopher G.L. Titus, Fort Myers, for Appellant.
Robert B. Burandt of Roose, Sutton, Burandt, Adamski & Roland, LLP, Cape Coral, for Appellee.
NORTHCUTT, Judge.
Dianne Fay obtained judgments in New Mexico for unpaid alimony and attorney's fees against her former husband, William Pegram. She petitioned the circuit court *1265 in Lee County to domesticate these judgments in 1992. In 1995, the court entered an amended judgment that domesticated both New Mexico judgments as valid Florida judgments. That Florida judgment also stated: "All other creditor remedies are available to the Former Wife to collect on the judgments against William L. Pegram found in paragraph 1 above [the New Mexico judgments], including an equitable lien on Mr. Pegram's real property interest located at 1205 S.E. 46th Lane, # 203, Cape Coral, Florida 33904." When Fay attempted to foreclose an equitable lien in 1997, the circuit court denied relief, finding that the lien had not attached to Mr. Pegram's real property. Although we disagree with the court's reasoning, we affirm.
At the time the New Mexico judgments were domesticated, Mr. Pegram owned the real property in Cape Coral in a tenancy by the entireties with his second wife, Judy. Later in 1995, Judy and William Pegram filed a joint petition for a simplified divorce. Eventually, in May 1996, they participated in mediation and reached a property settlement agreement. The relevant portion of that agreement stated "Husband shall execute a Quit Claim Deed to the Wife for the marital condominium located at 1205 S.E. 46th Lane # 203, Cape Coral FL 33904." Mr. Pegram signed the deed sometime in June 1996, but Judy Pegram, as co-tenant by the entireties, did not sign it until August 14, 1996. The court entered a final judgment of dissolution on July 8, 1996. Concerning the parties' property, it provided "[t]he Mediation Agreement entered into by the parties on May 31, 1996, and filed in this matter, is adopted by the Court and incorporated herein, and the parties are ordered to comply with the terms of the same."
In the proceedings on Fay's motion to enforce an equitable lien, the parties and the court focused on whether the Cape Coral property was held as a tenancy in common between the date of dissolution of Mr. Pegram's second marriage, July 8, 1996, and the date Judy Pegram took title to the property individually, August 14, 1996. While a lien against only one spouse cannot attach to entireties property, if William Pegram, at any time, held the property as a tenant in common, a lien could attach to his interest. See Liberman v. Kelso, 354 So.2d 137, 139 (Fla. 2d DCA 1978). The circuit court found that William Pegram's interest was conveyed to Judy Pegram by the final judgment of dissolution and that they never held the real property as tenants in common.
We disagree. It is true that a judgment of dissolution may convey real property from one spouse to another and, if it does, liens that pertain only to the spouse who conveys the property will not attach. See Sharp v. Hamilton, 520 So.2d 9, 10 (Fla.1988) (rejecting the notion that "there is a moment in time in which a judgment lien ... held against one of the tenants attaches to the entireties property upon dissolution when sole title to the property is awarded to one spouse in settlement of divorce by a final decree of dissolution"). Section 61.075(4), Florida Statutes (1995), provides that a "judgment distributing assets shall have the effect of a duly executed instrument of conveyance." But the judgment dissolving William and Judy Pegram's marriage did not distribute assets. Instead, the settlement agreement required William to "execute a quit claim deed" and the judgment ordered him to "comply with the terms" of the settlement agreement.
Neither did the agreement provide that Judy Pegram would obtain sole title to the real estate on dissolution. Cf. Sharp, 520 *1266 So.2d at 10; see Hadden v. Cirelli, 675 So.2d 1003, 1005 (Fla. 5th DCA 1996) (noting that judgment "directing" husband to convey real property to wife did not "distribute assets" as contemplated under section 61.075). Nor would title vest in Judy Pegram under Florida Rule of Civil Procedure 1.570(d). That rule concerns vesting of title when the judgment "is for a conveyance." But this dissolution judgment did not operate as a conveyance. See Hadden, 675 So.2d at 1005; Williams v. Shuler, 551 So.2d 585, 587 (Fla. 1st DCA 1989) (stating that a final judgment of dissolution could not act as a conveyance under rule 1.570(d) because it did not contain a legal description of the property).
Because Mr. Pegram's conveyance of his interest in the Cape Coral property to Judy Pegram was not effective until August 14, 1996, the property was held in a tenancy in common for the period between the date of the dissolution judgment and that date. Thus, a lien could have attached to Mr. Pegram's interest in this interim. The problem in this case is that Fay sought to foreclose an equitable lien. Contrary to the circuit court's finding in the order on appeal, she does not have an equitable lien.
A court can impose an equitable lien when general considerations of right and justice require it. Plotch v. Gregory, 463 So.2d 432, 436 (Fla. 4th DCA 1985). To obtain such a lien, the party must prove fraud, misrepresentation, or affirmative deception. Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota, 361 So.2d 156 (Fla.1978); Gordon v. Flamingo Holding P'ship, 624 So.2d 294, 297 (Fla. 3d DCA 1993). Fay did not offer proof on these points; she merely domesticated New Mexico judgments for alimony arrearages and attorney's fees. Because she does not have an equitable lien, we affirm the circuit court's denial of her motion to enforce such a lien, albeit for a different reason than that court announced. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999) ("It is elementary that the theories or reasons assigned by the lower court as its basis for the order or judgment appealed from, although sometimes helpful, are not in any way controlling on appeal and the appellate court will make its own determination as to the correctness of the decision of the lower court, regardless of the reasons or theories assigned therefor.").
Our record does not disclose whether Fay has a valid judgment lien that may have attached to William Pegram's property after the dissolution of his marriage to Judy Pegram. See § 55.10, Fla. Stat. (1995). Our affirmance in this case does not prejudice Fay's rights, if any, to enforce such a judgment lien.
Affirmed.
WHATLEY and STRINGER, JJ., Concur.