ROWE, J.
 

 The appellant, Myron Newberry, appeals from the final judgment of dissolution, and the appellee, Tammy Newberry, raises three issues on cross-appeal. We affirm without discussion all four issues raised on direct appeal and issue I on cross-appeal. However, we reverse issues II and III raised on cross-appeal and remand with instructions.
 

 In issue II on cross-appeal, Ms. Newber-ry, the former wife, argues that the monthly child care expenses should have been included in the trial court’s child support award to the former wife pursuant to section 61.30, Florida Statutes. The former husband properly concedes that the trial court’s child support award erroneously failed to include child care costs. Under section 61.30(7), Florida Statutes, “[cjhild care costs incurred due to employment ... of either parent shall be added to the basic obligation.” Thus, the trial court should have included child care expenses in the former husband’s basic child support obligation.
 
 See Mannix v. Mannix,
 
 763 So.2d 1135, 1136 (Fla. 4th DCA 1999) (holding section 61.30(7) requires day care costs to be added to the child support obligation where day care is necessary due to employment). Accordingly, we remand to the trial court with instructions to include child care expenses in the former husband’s monthly child support obligation.
 

 In issue III on cross-appeal, the former wife argues that the trial court erred in entering the final judgment which made a lump-sum alimony award of the marital home to the wife, but failed to convey marketable title of the property to her. When the trial court finds that a party is entitled to a conveyance of real estate as lump-sum alimony, the decree should require the conveyance and should declare that it is a lump-sum alimony award.
 
 See Bezanilla v. Bezanilla,
 
 65 So.2d 754, 755 (Fla.1953). However, a final judgment will operate as an automatic transfer of interests in property only when the language of the final judgment expressly transfers a property interest from one spouse to the other or declares that one spouse has sole interest.
 
 See id.; Hadden III v. Cirelli,
 
 675 So.2d 1003, 1005 (Fla. 5th DCA 1996). While the final judgment here properly awards the marital home as lump-sum alimony,
 
 Simpson v. Simpson,
 
 678 So.2d 882 (Fla. 3d DCA 1996), the final judgment does not include specific language of conveyance of title to the former wife. We therefore remand for
 
 *1125
 
 the trial court to include language in the final judgment specifically requiring conveyance of the marital home to the former wife.
 
 See Bezanilla,
 
 65 So.2d at 755; 5A Fla. Pl. & Pr. Forms § 44:802.
 

 AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
 

 VAN NORTWICK and WETHERELL, JJ., concur.