BOARDMAN, Judge.
Appellant/husband failed to make alimony payments to appellee as required in the final judgment dissolving the marriage of the parties. Appellee/wife filed her motions to reduce alimony in arrears to judgment, increase the amount of the alimony payments, and to hold appellant in contempt for his willful refusal and failure to comply with the monetary provisions of the final judgment. It appears from the record that appellant voluntarily agreed to pay appellee $30 per week as alimony for the period of her natural life.
This is an appeal from an order of the trial court entered March 26, 1973. The order in pertinent part states:
1. That the Respondent-Husband, WILLIAM E. NEWTON, is guilty of contempt of this Court, and he is hereby sentenced to be incarcerated in the County Jail of Sarasota County, Florida, and to serve the full term and period of ninety (90) days from the date of his arrest, and the Sheriff of Sarasota County, Florida is hereby authorized, directed and required to take the said WILLIAM E. NEWTON into custody forthwith, and to deliver him into the said County Jail of Sarasota County, Florida; however, said jail sentence of ninety (90) days is hereby suspended until August 12, 1973, subject to the provisions as hereinafter set out;
*411 2. That the Respondent-Husband is in arrears in the payment of alimony in the sum of $4,020.00, together with interest, making a total arrearage of $4,502.-00, and that said judgment is rendered in •said amount of $4,502.00, and that interest on the said starts running on the amount of $4,502.00 from February 12, 1973;
3. That the Respondent-Husband is to (sic) hereby ordered to pay to the Petitioner-Wife the sum of $1,500.00 on or before August 12, 1973, as and for partial payment of the arrearage;
4. That the Respondent-Husband is to start paying the sum of $50.00 per week as of February 12, 1973, to be allocated as follows: $30.00 per week as and for alimony and $20.00 per week as and for arrearage, this latter payment not constituting part of the partial payment set out in Paragraph 3. (sic)
5. That the Respondent-Husband is to continue paying the Petitioner-Wife $30.00 per week as and for alimony for the natural life of the Petitioner-Wife;
6. That the Respondent-Husband is to pay to the Law Offices of DICK LEE the sum of $150.00 as and for attorney fees and the sum of $22.50 as cost incurred in connection with this cause. (Emphasis supplied).
We have examined each of the questions presented by the appellant, but believe only one requires discussion. The question which does concern us is whether the appellant can purge himself from the jail sentence provided in paragraph 1 should he comply with the provisions of paragraphs 2 through 6 of the aforesaid order. Relevant case law requires that appellant be given such opportunity. See Lord v. Lord, Fla.App. 1958, 104 So.2d 624, and the cases cited therein. After reading the said order, particularly paragraph 1 thereof, we cannot ascertain with required certainty that the trial court allowed appellant the unequivocal right to do so.
We, therefore, remand the case to the trial court for clarification of the contempt finding to allow appellant to purge himself from the jail sentence upon his compliance with the provisions of paragraphs 2 through 6 of the said order. This clarification shall be made by written order on or before December 26, 1973. Upon the entry of such order, counsel for appellant shall forward a certified copy to the clerk of this court and jurisdiction will resume herein on the above point.
The other points raised by appellant are hereby affirmed. The record amply supports the findings of fact of the trial court. The appellant has failed to demonstrate reversible error, abuse of discretion or misapplication of law.
MANN, C. J., and McNULTY, J., concur.