PER CURIAM.
The civil contempt proceeding in this family law matter was defective for three reasons: (1) a defaulting husband must be given notice and an opportunity to show that his default is not willful, see Robbins v. Robbins, 429 So.2d 424 (Fla.3d DCA 1983); (2) the trial court must make a finding afterwards that the contemner has the present ability to pay the purge amount before incarceration can be imposed to enforce compliance with the order to pay, Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); and (3) the contempt order must contain a purge provision by which the contemner may be automatically relieved of the contempt finding and released from confinement upon compliance with the order to pay, Newton v. Newton, 287 So.2d 410 (Fla.2d DCA 1973).
Reversed and remanded.