493 So.2d 53 (1986)
Curtis T. ANTONIO, Appellant,
v.
Sharon Faye ANTONIO, Appellee.
No. 85-2886.
District Court of Appeal of Florida, Second District.
August 20, 1986.
*54 James C. McKenzie, Clearwater, for appellant.
T. Michael McKnight of Matusek, Ogden, McKnight & Hudson, P.A., St. Petersburg, for appellee.
PER CURIAM.
Appellant, Curtis T. Antonio, appeals from an order denying his petition to modify a final judgment. We reverse.
The appellant (father) and the appellee, Sharon Faye Antonio (mother), were divorced on February 15, 1982. The final judgment awarded custody of the parties' three minor children to the mother. On January 29, 1985, the father filed a petition to modify the final judgment with respect to temporary and permanent custody of the children. A hearing was held on the issue of temporary custody on February 4, 1985. The court entered an order taking the issue of temporary custody under advisement and ordering the Department of Health and Rehabilitative Services (HRS) to do a social investigation and submit written recommendations to the court. Upon receipt of the written recommendations, the court entered an order on May 10, 1985, denying the father's petition to modify the final judgment. The father filed a motion for rehearing on the grounds that he never received a final hearing on the issue of temporary custody and that he was denied the right to have his case heard on the issue of a permanent change of custody. The court denied the motion for rehearing, and the father filed a timely notice of appeal.
We find that the trial court erred in denying, without a hearing, the father's petition to modify the final judgment. A court cannot modify a decree unless the issue before it is presented in appropriate proceedings and each party is afforded an opportunity to be heard on the issue. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Manning v. Varges, 413 So.2d 116 (Fla.2d DCA 1982). A decree adjudicating an issue neither presented by the pleadings nor litigated by the parties during a hearing on the pleadings is, at least, voidable upon appeal. Cortina; Manning. The only hearing in this case was held on the issue of temporary custody, at which time the court took the issue under advisement and ordered a social investigation. A hearing was never held on the issue of permanent custody. The order must therefore be reversed without prejudice to further consideration of the custody issue with both parties having an opportunity to be heard.
Upon remand, each of the parties should be given an opportunity to review the HRS report for the purpose of introducing any evidence that might rebut the conclusions or recommendations contained in the report. Kern v. Kern, 333 So.2d 17 (Fla. 1976).
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and SANDERLIN, JJ., concur.