504 So.2d 1309 (1987)
Harris ISAACSON, Appellant,
v.
Michelle ISAACSON, Appellee.
No. BP-80.
District Court of Appeal of Florida, First District.
March 5, 1987.
Rehearing Denied April 21, 1987.
*1310 Thomas A. Daniel, Gainesville, for appellant.
John F. Roscow, III of Scruggs & Carmichael, Gainesville, for appellee.
MILLS, Judge.
The husband appeals an order of the trial court imposing an equitable lien on homestead real property in favor of wife for arrearages in child support and alimony payments. Under the circumstances of this case, we reverse.
The parties were divorced in 1982. The final judgment of dissolution imposed alimony and child support obligations on husband, and required wife and the parties' three minor children to vacate the family's rural Alachua County homestead property. The husband subsequently remarried, and now occupies that property with his second wife. He has not paid anything toward his child support and alimony obligations since 20 August 1985, and is currently $15,555.04 in arrears.
Although earlier arrearages were reduced to judgment in favor of wife in October 1984, she has been precluded from levying on the subject real property by its status as the constitutional homestead of husband and his second wife. It is therefore "exempt from forced sale under process of any court." Art. X, § 4(a)(1), Fla. Const. (1968). The wife has also sought on several occasions to have husband adjudged in contempt for failure to meet his support obligations, but she has never been able to show that he had the "present ability to pay" within the meaning of Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985) and Ponder v. Ponder, 438 So.2d 541 (Fla. 1st DCA 1983) (incarceration for civil contempt cannot be imposed absent a finding by the trial court that the contemnor has the present ability to purge himself of contempt).
In a continuation of this effort to recover the monies due her, wife filed the instant motion seeking to impose an equitable lien on the homestead property. The trial court, finding that husband's conduct in "steadfastly refusing to honor his obligations to his former family is not only wrong, it is reprehensible within the meaning of Jones [v. Carpenter, 90 Fla. 407, 106 So. 127 (1925)]", granted wife's motion and imposed an equitable lien on the property in the amount of $15,555.04.
Despite the exemption of homestead property from forced sale as provided in Art. X, § 4(a)(1), the trial court correctly concluded that an equitable lien can be imposed against such property under certain circumstances, namely, where a plaintiff can establish fraud or "reprehensible conduct" on the part of the beneficiary of the constitutional protection. Clutter Construction Corp. v. Clutter, 173 So.2d 761, 761-62 (Fla. 3d DCA 1965); Bessemer v. Gersten, 381 So.2d 1344, 1347 n. 1 (Fla. 1980); Kitzinger v. Gulf Power Co., 432 So.2d 188, 195 (Fla. 1st DCA 1983).
The purpose of an equitable lien is to achieve right and justice, considering the relations of the parties and the circumstances of their dealings. In re Estate of Donner, 364 So.2d 742 (Fla. 3d DCA 1978). This language obviously invests the trial judge with a certain degree of discretion in imposing such liens, which was utilized herein with the laudable goal of assisting wife in recovering support monies to which she is entitled. However, the cases cited above make it clear that, when an equitable lien is sought against homestead real property, some fraudulent or otherwise egregious *1311 act by the beneficiary of the homestead protection must be proven. This is consistent with the well-established principle that exceptions from the constitutional exemption from forced sale are to be strictly construed. Graham v. Azar, 204 So.2d 193, 195 (Fla. 1967).
Therefore, while we specifically do not hold that there is no factual situation which could warrant the imposition of an equitable lien on homestead real property for the recovery of child support and/or alimony arrearages, the facts in this case show that wife has failed to receive her money, not because of husband's conduct, but because of her inability to prove that he can pay it. We decline to hold that, because a husband possesses qualified homestead real property which he refuses to alienate or mortgage to meet support obligations, he has acted "reprehensibly" as a matter of law so as to overcome the constitutional protection against the forced sale of such property.
The order appealed from is reversed.
THOMPSON, J., concurs.
BOOTH, C.J., dissents with opinion.
BOOTH, Chief Judge, dissenting.
I would affirm the trial court's judgment imposing an equitable lien under the facts of this case.