582 So.2d 743 (1991)
Thomas GEPFRICH, Appellant,
v.
Marjorie Lois GEPFRICH, Appellee.
No. 90-2445.
District Court of Appeal of Florida, Fourth District.
July 10, 1991.
Marina Garcia Wood of Patterson, Maloney & Gardiner, Fort Lauderdale, for appellant.
Val L. Osinski of the Law Offices of Val Osinski, Coral Springs, for appellee.
GUNTHER, Judge.
Thomas Gepfrich appeals the trial court's order holding that he shall pay alimony arrearages to Marjorie Lois Gepfrich and that he shall sell his home, with the proceeds from the sale to be applied toward the arrearages. We affirm.
In response to his former wife's motion to hold him in contempt for failing to pay her alimony, Thomas acknowledged he was in arrears $20,000, but maintained that he lacked the ability to pay this alimony. He testified that his net monthly income was $4,700 and that his only asset was his $325,000 home which the trial court found required in excess of $3,000 a month to maintain. It was undisputed at trial that living with Thomas is a girlfriend who does not contribute to the monthly home expenses. This home, titled in Thomas' name only, was purchased subsequent to the dissolution of his marriage to Marjorie. After a hearing on Marjorie's motion, the trial court found Thomas in arrears, ordered him to sell his home within 90 days otherwise the court would appoint a special master to sell the property either privately or at public auction, and ordered that the proceeds from the sale be applied towards the arrearages.
With regard to the forced sale of Thomas' home, the trial court was obviously attempting to create a financial situation which would better enable Thomas to fulfill his alimony obligations. Nevertheless, Thomas argues that the trial court is prohibited from forcing him to sell his homestead to meet his alimony obligations because the Florida Constitution Article 10 § 4 specifically exempts his homestead property from forced sale.
In the instant case, the ruling implies that the trial court felt that Thomas had purchased his home and was asserting the homestead exemption for the purpose of defeating the former wife's attempt to enforce his obligation to pay her alimony. This implied conclusion is supported by competent evidence in the record on appeal. *744 According to the order appealed, the trial court expressly found that it was incomprehensible that Thomas could support his lady friend, who made no meaningful contribution to the support and maintenance of his expensive and luxurious home, but could not support his former spouse and minor child.[1] The trial court also expressly found, inter alia, that the husband's defenses to his former wife's motion for contempt constituted a complete lack of "clean hands." Thus, it is clear from the tone of the order that the trial court did not intend to sanction a situation where a former husband invests his consolidated assets into an expensive and luxurious home, lives in the home with his girlfriend, maintains her and the house, and cries poverty to avoid paying his alimony obligations to his former wife. We certainly agree that the trial court should not sanction such a blatantly defrauding scheme by permitting the former husband to hide behind the homestead exemption laws. As the supreme court stated in Anderson v. Anderson, 44 So.2d 652 (Fla. 1950),
[t]he Courts have taken the view that inasmuch as the purpose of the exemption statute is to protect not only the husband but also his family from destitution and becoming a public charge, the exemption statute will not, unless the contrary intention is clearly shown, be construed to enable the husband to claim its benefits against the very persons to whom he owes the obligation of support and maintenance, and that to construe the statute otherwise would, at least in part, defeat its avowed object.[2]
In our view, Thomas is attempting to claim the benefits of the homestead exemption law against the very person to whom he owes the obligation of support and maintenance. Thus, if permitted, he would defeat the avowed objective of protecting his family from destitution and becoming a public charge.
Furthermore, Florida courts have repeatedly recognized the proposition that the homestead exemption laws should not be applied so as to make them an instrument of fraud, or an imposition on creditors, nor as a means to escape honest debts. Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912); Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 So. 440 (1914); Hillsborough Inv. Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448 (1943); Vandiver v. Vincent, 139 So.2d 704 (Fla. 2nd DCA 1962); Frase v. Branch, 362 So.2d 317 (Fla. 2nd DCA 1978); Heritage Insurance Co. v. Foster Electric Co., 393 So.2d 28 (Fla. 3rd DCA 1981).
In the instant case, the record clearly supports the trial court's implicit ruling that Thomas is attempting to use the homestead exemption law as a instrument to defraud his former wife and to escape his honest debt to her. Thus, in light of Thomas's conduct, we conclude that the trial court did not err in failing to afford Thomas the protection granted by the homestead exemption laws. Accordingly, we affirm the trial court's finding that Thomas has had the ability to pay but had divested himself of assets with which to make the alimony payments, and that his home shall be sold and the proceeds of the sale used to satisfy the alimony arrearages.
AFFIRMED.
DOWNEY, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
I fully agree with everything Judge Gunther has said. I wish only to add an observation as to why homestead does not defeat the chancellor's remedy.
It is now well established in this state that, where fraud or reprehensible conduct is involved, an equitable lien may be imposed even against homestead property. Clutter Construction Corporation v. Clutter, 173 So.2d 761 (Fla. 3rd DCA 1965); *745 and Isaacson v. Isaacson, 504 So.2d 1309 (Fla. 1st DCA 1987).
The trial court's finding that appellant's defenses to the contempt charge "constitute a complete lack of clean hands" establish for me the functional equivalent of fraud or reprehensible conduct sufficient for an equitable lien. Instead of imposing an equitable lien directly against appellant's post-dissolution homestead, as the court indisputably could have done under Clutter or Isaacson, the judge chose the much less intrusive (to my mind) sanction of requiring the appellant himself to sell the new house and pay the child support and alimony arrearages therefrom.
If an equitable lien had been directly imposed, the sheriff would conduct a judicial sale, controlling the time and manner of sale, as well as establishing the sale price. Under the trial judge's order, appellant chooses the time and manner of sale and sets his own price. I simply can find no error in any of this. I concur without reservation in the court's disposition.
NOTES
[1] Thomas Gepfrich was earlier found to be in arrears with his child support obligations.
[2] Thomas' reliance upon Graham v. Azar, 204 So.2d 193 (Fla. 1967) is misplaced since that case is distinguishable in that there was no evidence of fraud.