593 So.2d 1231 (1992)
Allen RADIN, Appellant,
v.
Isabel RADIN, Appellee.
No. 91-2443.
District Court of Appeal of Florida, Third District.
March 3, 1992.
*1232 Allen S. Radin, in pro. per.
William L. Rogers, Miami, for appellant.
Harvey D. Rogers, Miami, for appellee.
Before HUBBART, NESBITT[*] and COPE, JJ.

REVISED OPINION
PER CURIAM.
Upon consideration of appellant's motion for rehearing, we withdraw the opinion filed on December 24, 1991 and substitute the following in its place.
Allen Radin appeals an adjudication of contempt and the imposition of an equitable lien. We affirm in part and reverse in part.
Isabel Radin, the former wife, filed a motion for contempt against Allen Radin, the former husband, for failure to pay an alimony installment of $350 due June 1, 1991. The motion was heard in July. The husband's counsel brought payment of the $350 to the hearing on the motion for contempt. Although the contempt issue had been resolved by payment, in the meantime the former husband had not paid the July 1 alimony installment. Accordingly, the trial court adjudicated the former husband in contempt for failure to pay the July 1 installment. The husband has appealed and we reverse.
In this case the sole issue presented by the former wife's motion was the June 1, 1991 payment. Although the former wife procured a hearing date for mid-July, 1991, the former wife did not amend her motion or in any way give notice to the former husband that the July 1 payment would be at issue. The former husband's counsel objected to the court's consideration of that issue, which was outside the pleadings. As the objection was well taken, the court should not have reached the issue of the July 1 payment. See Cortina v. Cortina, 98 So.2d 334, 336-37 (Fla. 1957); see also Antonio v. Antonio, 493 So.2d 53, 54 (Fla. 2d DCA 1986). See generally Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988); Falkner v. AmeriFirst Fed'l Savings & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986). The adjudication of contempt is reversed.
The former wife also moved for imposition of an equitable lien on the former husband's homestead. She asserted that the former husband is in the process of selling the homestead; that there is substantial equity in the homestead; and that the former husband has engaged in a pattern of egregious conduct such that an equitable lien should be imposed pursuant to the principles outlined in Isaacson v. Isaacson, 504 So.2d 1309 (Fla. 1st DCA 1987). The trial court imposed an equitable *1233 lien in favor of the former wife.[1]
We affirm the imposition of the equitable lien. We agree with so much of the trial court's order as finds that the husband, an accountant, had engaged in a pattern of egregious conduct represented by significant nonpayment of alimony in the period since 1984. More particularly, the trial court found that there had been an adjudication of civil and criminal contempt in February of 1990, an adjudication of contempt in August of 1990, and an adjudication of contempt in June of 1991. The court found that on each occasion there were findings of a willful failure to pay alimony despite an ability to pay the amounts specified in those orders.[2] The trial court made a finding that the former husband would only pay alimony when subject to incarceration, a finding supported by substantial competent evidence at least for the period 1990-91.[3] We think the conduct just recited brings the case within the reasoning of Gepfrich v. Gepfrich, 582 So.2d 743 (Fla. 4th DCA 1991) and Isaacson and distinguishes it from the facts present in Graham v. Azar, 204 So.2d 193 (Fla. 1967).
Having affirmed the imposition of the equitable lien,[4] we find that the former husband's objection to the form of the lien is well taken. Instead of adjudicating the amount of the lien being imposed on the homestead property, the trial court simply incorporated by reference the final judgment of dissolution of marriage and various other orders. This was impermissible. As the matter now stands, no one can determine from the face of the order under review the amount of the equitable lien which has been imposed. This will create an insuperable obstacle to the marketability of the homestead which the former husband is attempting to sell.
In addition, the incorporation by reference of the various orders and judgments is affirmatively misleading. It is undisputed that portions of the orders and judgments have been discharged in bankruptcy and some portions have been discharged by payment. The incorporation by reference makes the amount of the equitable lien appear substantially larger than it actually is.
Accordingly, we reverse the order under review and remand for entry of an amended order setting forth the precise amount of the equitable lien.
Contempt citation reversed; order imposing equitable lien affirmed in part, reversed in part, and remanded.
NOTES
[*] Judge Nesbitt participated in the decision but did not hear oral argument.
[1] The former husband has custody of the children of the marriage and the homestead is the homestead of the former husband and minor children.
[2] We exclude from consideration the contempt citation of July, 1991 which is the subject of the present appeal, and which we have reversed.
[3] The trial court also found that the former husband transferred assets to third persons. However, objections to this line of questions were sustained by the court so that there is no competent substantial evidence in the record to support this finding. The finding is stricken.
[4] Although not made part of the written order, during the course of the hearing the trial court criticized the husband for his litigiousness. Appellant argues that on the facts of the present case, the comments were unwarranted. For present purposes those comments have been excluded from consideration. We are satisfied that any error in that respect was harmless.