761 So.2d 370 (2000)
Stephen SMITH, Petitioner,
v.
Teresa SMITH, Respondent.
No. 5D00-498.
District Court of Appeal of Florida, Fifth District.
April 20, 2000.
Rehearing Denied June 6, 2000.
*371 David F. Allen, Winter Park, for Petitioner.
John A. Baldwin of Baldwin & Morrison, P.A., Fern Park, for Respondent.
COBB, J.
Stephen Smith seeks a writ of prohibition to prevent the forced sale of property he claims as homestead. While we conclude that the trial court was not acting in excess of its jurisdiction and that prohibition is thus inappropriate, we elect to treat the petition as a notice of appeal[1] from the final judgment of foreclosure of lien which ordered the sale and reverse.
Final judgment of dissolution was entered dissolving the marriage of Stephen and Teresa Smith. In the final judgment, the trial court found that Stephen had assaulted Teresa, shooting her twice and pouring acid on her, causing her serious injury and permanent disfiguring. The court found that this occurred in the presence of the parties' minor child. The trial court also found that Stephen was in arrears on his child support in the sum of $3,452.75 and awarded a judgment in that sum in Teresa's favor, imposing a lien for the unpaid child support. The court determined that the former marital residence would be owned by the parties as tenants in common.
A notice of sheriff's sale of Stephen's half interest in the former marital residence was published pursuant to a lien in Teresa's favor, with the sale scheduled for November 8, 1999. He filed a motion for determination of homestead and exempt status of his half interest in the residence; subsequently he filed a sworn declaration of homestead and the sale in November was canceled. On December 1, 1999, the trial court imposed a lien for $7,595.03 on Stephen's one-half interest in the former marital home, for unpaid child support and alimony. Thereafter, the trial court entered an order finding that Stephen had not abandoned his homestead exemption on the property. Nevertheless, on January 25, 2000, the trial court entered a final judgement of foreclosure of lien on his one-half interest in the property, ordering the sale of the property to take place on February 24, 2000. This court has stayed the sale.
The trial court erred when it ordered a judicial sale of homestead property. Article X, section 4 of the Florida Constitution, prohibits the forced sale of homestead property, except for payment of taxes, obligations contracted to improve the property or labor performed on the property. Teresa does not argue that the property is not homestead or that Stephen has abandoned his homestead exemption. Instead, she contends that the trial court was acting within its authority, based on a line of cases which have created an exception to the homestead exemption.
In Gepfrich v. Gepfrich, 582 So.2d 743 (Fla. 4th DCA 1991), the court stated that Florida courts have repeatedly recognized the proposition that homestead exemption laws should not be applied so as to make them an instrument of fraud, or as a *372 means to escape an honest debt. In Gepfrich, the former husband had purchased a home after his divorce and claimed the homestead exemption. He then argued that he was unable to pay alimony to his former wife. The court found that the husband had purchased the property for the sole purpose of defeating the former wife's attempt to enforce his obligation to pay alimony, and held that it would not sanction such a blatantly defrauding scheme. The court pointed out that the husband was attempting to claim the benefits of the homestead exemption against the very person the exemption was created to protect. See also Anderson v. Anderson, 44 So.2d 652 (Fla.1950)(former husband cannot use homestead exemption to defeat the very purpose for which the exemption was created, the support of his children, where husband was not head of household). Although the court in Gepfrich did not impose an equitable lien on the property on the former wife's behalf, the court did order the former husband to sell his home. See also Radin v. Radin, 593 So.2d 1231 (Fla. 3rd DCA 1992)(imposition of equitable lien on homestead affirmed where husband had engaged in pattern of egregious conduct, had willfully failed to pay alimony and been held in contempt several times).
In Isaacson v. Isaacson, 504 So.2d 1309 (Fla. 1st DCA 1987), the court acknowledged that an equitable lien may be awarded against homestead property where a plaintiff can establish fraud or reprehensible conduct on the part of the beneficiary of the constitutional protection. However, the court reversed the equitable lien imposed in that case, because the former wife had not been able to prove that the former husband actually had the ability to pay the arrearage of child support or alimony and was acting fraudulently in claiming the homestead exemption. The court refused to hold that the former husband's refusal to sell or mortgage his homestead to pay his obligation constituted reprehensible conduct. The court in Isaacson noted that exceptions from the constitutional exemption from forced sale are to be strictly construed. See also Graham v. Azar, 204 So.2d 193 (Fla.1967)(homestead exemption should be liberally construed and exceptions to exemption should be strictly construed).
In Butterworth v. Caggiano, 605 So.2d 56 (Fla.1992), the Florida Supreme Court considered whether a homestead could be forfeited due to its use in a criminal enterprise, where the homeowner had been convicted of racketeering. The court reaffirmed that the homestead exemption must be liberally construed and that exceptions to homestead may not be implied. The court noted that Article X, section 4 expressly provides for only three exceptions to the homestead exemption: the payment of taxes and assessments; obligations contracted for the purchase, improvement or repair thereof; or obligations contracted for house, field or other labor preformed on the realty. The court found that neither the courts nor the legislature have the authority to create any other exceptions to the homestead exemption. See also Tramel v. Stewart, 697 So.2d 821 (Fla.1997)(homestead exemption must be construed liberally and does not allow state to forfeit homestead property purchased with proceeds of illegal activity).
In a footnote, the supreme court in Butterworth acknowledged the line of cases creating equitable liens on homestead. However, the court found that virtually all of the cases creating an equitable lien on homestead involved liens imposed when proceeds from fraud or reprehensible conduct were used to invest in, purchase, or improve the homestead or where the equitable lien was necessary to secure to an owner the benefit of his or her interest in the property. See, e.g., Palm Beach Savings & Loan Association, F.S.A. v. Fishbein, 619 So.2d 267 (Fla.1993)(bank which took mortgage on marital residence after husband forged wife's signature on loan documents was entitled to equitable lien against residence, even though residence *373 was awarded to wife in dissolution and she had homestead interest); Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925)(trustee of bankrupt company was entitled to equitable lien against house of former president of company who had improved house with funds embezzled from company, despite homestead exemption). The court in Butterworth concluded that in no other cases has a lien been imposed on a homestead beyond one of the three stated exceptions in the constitution. Thus, the supreme court has limited the exception allowing an equitable lien on homestead to those cases where the owner of the property has used the proceeds from fraud or reprehensible conduct to either invest in, purchase or improve the homestead.
In the present case, the trial court made no finding that Stephen Smith's conduct was fraudulent or reprehensible, nor does it appear from the record that he has used the proceeds from fraud to improve the homestead. The trial court did find in the final judgment of dissolution that Stephen had assaulted Teresa with a firearm, shooting her twice and then pouring acid on her, seriously injuring and permanently disfiguring her. Stephen is incarcerated apparently as a result of this conduct. Teresa also claims that Stephen has combined his VA disability benefits and his social security benefits of $3094 per month and has assigned $2000 a month, more than half of his benefits, to his criminal defense attorney.
Although Stephen's crime against Teresa, if proven, is certainly reprehensible, the trial court did not mention that or any other conduct on his part in ordering the sale of his homestead and it is not clear that the court even considered these factors. Furthermore, payment of a criminal defense attorney is not, in itself, fraudulent or reprehensible. Finally, the cases relied on by Teresa provide that an equitable lien may be awarded against homestead property, but none of the cases involve a sheriff's foreclosure sale of such a lien. Accordingly, the trial court erred when it ordered the sale of Stephen's homestead property. Although Teresa may be frustrated by Stephen's failure to pay child support and alimony, ordering the sale of homestead is not an available remedy. Rather, Teresa should consider seeking partition of the homestead property. See, e.g., Tullis v. Tullis, 360 So.2d 375 (Fla.1978)(homestead should be protected against forced sale when possible, but not at expense of others owning interest in property, so where forced sale is only way former wife can enjoy beneficial enjoyment of her undivided one half interest in property, partition is appropriate).
REVERSED AND REMANDED.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] See Florida Rule of Appellate Procedure 9.130(b); Skinner v. Skinner, 561 So.2d 260 (Fla.1990); English v. McCrary, 348 So.2d 293 (Fla.1977).