790 So.2d 1280 (2001)
Benjamin PARTRIDGE, Appellant,
v.
Margaret PARTRIDGE, Appellee.
No. 4D00-4685.
District Court of Appeal of Florida, Fourth District.
August 15, 2001.
*1281 Wayne R. McDonough of Wayne R. Mc-Donough, P.A., Vero Beach, for appellant.
William F. Gallese, Port St. Lucie, for appellee.
SILVERMAN, SCOTT J., Associate Judge.
This appeal arises from the granting of a final summary judgment in favor of appellee, Margaret Partridge, against her former spouse, appellant, Benjamin E. Partridge.
The marriage of Benjamin and Margaret Partridge was dissolved in October, 1988. The final judgment of dissolution awarded the marital residence to appellant, subject to an equitable lien in favor of appellee. The court imposed the lien in order to secure payment of other awards to Ms. Partridge. It also ordered appellant to pay appellee lump sum alimony, pursuant to a specific schedule, as well as periodic alimony. In its final judgment of dissolution, the court reserved jurisdiction "for all legal and proper purposes."
In February, 2000, appellee filed an original action in the circuit court seeking, in part, to foreclose the equitable lien on the former marital home (which is appellant's homestead real property) due to his failure to make support payments pursuant to the terms and conditions of the final *1282 judgment of dissolution. The case was assigned to the civil division of the circuit court.
Appellant moved to dismiss the complaint, claiming that the civil division was without subject matter jurisdiction, since the family division had reserved jurisdiction in the dissolution action. The trial court denied the motion. Appellant further petitioned the trial court to protect his homestead from foreclosure.
Thereafter, appellee moved for summary final judgment, claiming that she had reduced appellant's delinquent arrearage to a monetary judgment in the family division and that appellant was attempting to hide behind the homestead exemption in order to avoid paying his alimony obligations. Appellee filed a singular affidavit in support of her motion.
The trial court granted the motion for summary final judgment, finding that appellant only paid alimony arrearages when forced to pay through incarceration and that his "failure to pay alimony while expending sums of money for other purchases were done with the intent to defraud the former [w]ife." Accordingly, the trial court authorized foreclosure on her equitable lien. This appeal now ensues.
On appeal, appellant contends that the trial court misapprehended the facts and misapplied the law which authorized foreclosure of the equitable lien and ordered the sale of appellant's homestead property. Appellant further claims that the civil division of the circuit court lacked subject matter jurisdiction, since this case should have been brought before the family division.
In response, appellee claims that the trial court correctly entered the final summary judgment because the record contains ample evidence of appellant's fraudulent and egregious conduct such that the fraud exception to the homestead exemption applies. Appellee further asserts that although a trial judge assigned to the civil division of the circuit court granted the summary judgment, he nevertheless had subject matter jurisdiction to render the judgment.
A motion for summary judgment should be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000). The moving party has the burden to conclusively prove the nonexistence of a material fact. See Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966); Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). However, once this burden is met, it then shifts to the nonmoving party. See Holl, 191 So.2d at 43-44. Regardless, summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law. See Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A., 771 So.2d 628, 630 (Fla. 4th DCA 2000), rev. denied, No. SC01-443, 791 So.2d 1099 (Fla. June 29, 2001). As such, when reviewing a summary judgment, this court will apply a de novo standard. See Aberdeen at Ormond Beach, L.P., 760 So.2d at 130; Cont'l Concrete, Inc. v. Lakes at La Paz III Ltd. P'ship, 758 So.2d 1214, 1217 (Fla. 4th DCA 2000).
Florida's homestead exemption provides, in pertinent part:
There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the *1283 following property owned by a natural person:
(1) a homestead....
Art. X, § 4(a), Fla. Const. The purpose of the homestead provision is to protect the family, to "provide it a refuge from the stresses and strains of misfortune." Collins v. Collins, 150 Fla. 374, 7 So.2d 443, 444 (1942); accord City Nat'l Bank of Fla. v. Tescher, 578 So.2d 701, 703 (Fla.1991); Myers v. Lehrer, 671 So.2d 864, 866 (Fla. 4th DCA 1996). Article X, section 4 was amended in 1985 to extend protection of the provision "to a `natural person,' without regard to status as head of a family." Id. at 866; Cain v. Cain, 549 So.2d 1161, 1163 (Fla. 4th DCA 1989).
The exemption should be liberally construed in favor of protecting the family home and those whom it was designed to protect. See Havoco of Am., Ltd. v. Hill, 790 So.2d 1018, 1020 (Fla.2001)(citing Milton v. Milton, 63 Fla. 533, 58 So. 718, 719 (1912)); Myers, 671 So.2d at 866; Cain, 549 So.2d at 1163. While all exceptions to the exemption should be strictly construed, such constructions are inappropriate when the exemption becomes an instrument of fraud. See Havoco, 790 So.2d at 1020.
The constitutional exemption on homestead property is not absolute. As such, the homestead can be the subject of an equitable lien and foreclosure by a forced sale in an appropriate case. The Florida Supreme Court stated in Palm Beach Savings & Loan Ass'n v. Fishbein, 619 So.2d 267, 270 (Fla.1993), "that where equity demands it this Court has not hesitated to permit equitable liens to be imposed on homesteads beyond the literal language of article X, section 4." The first district echoed our supreme court when it stated:
Despite the exemption of homestead property from forced sale as provided in Art. X, § 4(a)(1), the trial court correctly concluded that an equitable lien can be imposed against such property under certain circumstances, namely, where a plaintiff can establish fraud or "reprehensible conduct" on the part of the beneficiary of the constitutional protection.

Isaacson v. Isaacson, 504 So.2d 1309, 1310 (Fla. 1st DCA 1987) (emphasis added). The first district continued, stating that:
the facts in this case show that wife has failed to receive her money, not because of husband's conduct, but because of her inability to prove that he can pay it. We decline to hold that, because a husband possesses qualified homestead real property which he refuses to alienate or mortgage to meet support obligations, he has acted "reprehensibly" as a matter of law so as to overcome the constitutional protection against the forced sale of such property.
Id. at 1311; see also Gepfrich v. Gepfrich, 582 So.2d 743, 744 (Fla. 4th DCA 1991)(forced sale of homestead property was permitted where the former husband attempted to use the homestead exemption as an instrument to defraud his former wife and to escape his honest debt to her); cf., Radin v. Radin, 593 So.2d 1231, 1233 (Fla. 3d DCA 1992)(the court imposed an equitable lien on homestead property due to the former husband's egregious conduct, but a forced sale was not ordered).
We have reviewed appellee's affidavit in support of the motion for summary judgment, as well as the trial court's order granting summary final judgment. We find the affidavit is both factually and legally deficient and summary judgment should not have been granted. Appellee's affidavit does not support application of *1284 any exception to appellant's claim that his homestead should be exempted from foreclosure on the equitable lien. The affidavit is void of sufficient facts to support a claim that appellant acted either egregiously, reprehensibly, or fraudulently so as to justify a forced sale of the homestead.
Finally, appellant contends the trial judge assigned to the civil division lacked subject matter jurisdiction to preside over appellee's complaint seeking foreclosure of the equitable lien. Appellant asserts that the proper forum for appellee's complaint is the family court. He reasons that the court granting the dissolution retained jurisdiction "for all legal and proper purposes," and further urges that Florida Rule of Family Law Procedure 12.010 specifically embraces all issues arising from family law matters.
Rule 12.010 is entitled "Scope, Purpose & Title." It provides, among other things, procedural rules for all actions concerning enforcement matters arising out of dissolutions of marriage. It provides, in apposite part:
(a) Scope.
(1) These rules apply to all actions concerning family matters ... [including, but not limited to], matters arising from dissolution of marriage ... and all proceedings for ... enforcement ... of these actions.
(Emphasis added).
Subject matter jurisdiction is "the power of the court to adjudicate the class of cases to which the particular case belongs." VL Orlando Bldg. Corp. v. AGD Hospitality Design & Purchasing, Inc., 762 So.2d 956, 957 (Fla. 4th DCA 2000) (quoting Crill v. State Road Dep't, 96 Fla. 110, 117 So. 795, 798 (1928)). It is an issue that may be raised at any time. See MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000); Barner v. Barner, 673 So.2d 886, 887 (Fla. 4th DCA 1996).
We note that appellant's claim is not technically one of a lack of subject matter jurisdiction; rather appellant seeks dismissal due to a lack of divisional jurisdiction. See generally Williams v. State, 737 So.2d 1141, 1142 (Fla. 4th DCA 1999). This court aptly noted in In the Interest of Peterson, 364 So.2d 98, 99 (Fla. 4th DCA 1978), that "[a]ll circuit court judges have the same jurisdiction within their respective circuits.... The internal operation of the court system and the assignment of judges to various divisions does not limit a particular judge's jurisdiction." See also Maugeri v. Plourde, 396 So.2d 1215, 1217 (Fla. 3d DCA 1981) ("We think it appropriate to comment that every judge of the circuit court possesses the full jurisdiction of that court in his of (sic) her circuit and that the various divisions of that court operate in multi-judge circuits for the convenience of the litigants and for the efficiency of the administration of the circuits' judicial business.").
Even though a trial judge assigned to the civil division of the circuit court presided over this case, the judge was not without either subject matter jurisdiction or divisional jurisdiction to render decisions relating to it. This situation is quite different from that in State v. Griffith, 675 So.2d 911 (Fla.1996). In Griffith, the Florida Supreme Court noted that the Juvenile Justice Act vested "the juvenile division with exclusive jurisdiction over all proceedings in which a child allegedly violates the law unless, in compliance with the Act, juvenile jurisdiction is waived or the juvenile falls under a statutory exception." Id. at 913.
Unlike the Juvenile Justice Act, the Florida Family Law Rules of Procedure do not place their divisional jurisdiction or subject matter jurisdiction exclusively with *1285 those judges serving in the family division. We also note rule 12.510 provides, "[s]ummary judgment shall be governed by Florida Rule of Civil Procedure 1.510." Accordingly, appellant's claim on this issue is without merit.
AFFIRMED in part; REVERSED in part and REMANDED for further proceedings.
KLEIN and SHAHOOD, JJ., concur.