860 So.2d 1014 (2003)
Louis Steven ROBLES, Appellant,
v.
Ruth Ann ROBLES, Appellee.
No. 3D03-848.
District Court of Appeal of Florida, Third District.
December 3, 2003.
*1015 Greenberg Traurig, P.A., and Elliot H. Scherker, Alan T. Dimond and Elliot B. Kula, Miami, for appellant.
Leinoff & Lemos; Cynthia L. Greene, Miami, for appellee.
Before SCHWARTZ, C.J., and GREEN and WELLS, JJ.
SCHWARTZ, Chief Judge.
The former husband appeals from an order impressing an equitable lien on his homestead for past due alimony payments owed his former wife. We reverse.
In a final judgment of dissolution which incorporated a financial settlement agreement between the parties, their tangible assets, worth several million dollars, were equitably distributed between the parties, with the husband awarded the marital home, where he continued to reside after the dissolution. Among other things, the husband was also ordered to make large monthly rehabilitative alimony payments to the melody[1] of $50,000 a month for eighty-five months. Although he did so for a short time thereafter, he soon became financially unable to continue because of the demise of his previously lucrative law practice.[2] In this post-judgment proceeding, the former wife sought and obtained an "equitable lien" on the home for the unpaid amounts. This was error.
It is a constitutional given that homestead property may not ordinarily be subjected to the imposition of a lien of this kind. See Article X, Section 4, Florida Constitution ("There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, ... the following property owned by a natural person: (1) a homestead...."). This is true even as to unpaid alimony unless, as in such cases as Radin v. Radin, 593 So.2d 1231 (Fla. 3d DCA 1992), review denied, 605 So.2d 1265 (Fla.1992) and Gepfrich v. Gepfrich, 582 So.2d 743 (Fla. 4th DCA 1991), the payor is shown to have been guilty of affirmative fraudulent or reprehensible conduct which improperly interfered with the spouse's ability to recover the award. See Pegram v. Pegram, 821 So.2d 1264 (Fla. 2d DCA 2002); Dyer v. Beverly & Tittle, P.A., 777 So.2d 1055 (Fla. 4th DCA 2001), review denied, 796 So.2d 536 (Fla.2001); Partridge v. Partridge, 790 So.2d 1280 (Fla. 4th DCA 2001); Smith v. Smith, 761 So.2d 370 (Fla. 5th DCA 2000). See also Callava v. Feinberg, ___ So.2d ___, 2003 WL 22336421 (Fla. 3d DCA Case no. 3D02-1206, opinion filed, Oct. 15, 2003)[28 FLW D2361](no lien on wife's homestead for attorney's fees owed her own lawyer).
No such showing was made in this case. Robles simply lost his previous financial ability to make the agreed payments from his non-exempt resources. While he apparently transferred property to a personal trust entity in Colorado, the nominal transfer had no effect upon the wife's ability to recover those assets; indeed, as we are told, she actually did so, reducing the outstanding alimony obligation to that extent. Thus, Robles committed no act which adversely affected whatever rights to recover her alimony payments his exwife possessed at the time of the dissolution. Compare Radin, 593 So.2d at 1231 (equitable lien affirmed where husband engaged in pattern of egregious conduct, had been found in contempt multiple times and would only pay alimony when subject to incarceration) and Gepfrich, 582 So.2d at 743 (court ordered sale of husband's homestead property permitted where husband purchased home subsequent to dissolution, *1016 lived with and supported girlfriend). Hence, the order on review cannot be permitted to stand. See Pegram, 821 So.2d at 1264 (equitable lien for past due alimony and attorney's fees not available as to real property owned by former husband); Dyer, 777 So.2d at 1055 (no forced sale of homestead property without evidence of fraudulent or egregious conduct); Partridge, 790 So.2d at 1280 (failure to demonstrate egregious, fraudulent, or reprehensible conduct precludes foreclosure of equitable lien); Smith, 761 So.2d at 370 (sale of homestead to enforce equitable lien error absent evidence that former husband's conduct was egregious, fraudulent, or reprehensible).[3]
For these reasons, the order under review is reversed with directions to vacate the lien.
Reversed.
NOTES
[1] The amounts involved seem to call for a more serious word than "tune."
[2] See The Florida Bar v. Robles, 846 So.2d 1150 (Fla.2003) (table).
[3] As Article X, Section 4, specifically provides, it applies alike to invalidate both a "forced sale," and, as here, the simple imposition of a "lien" on homestead property. See Demura v. County of Volusia, 618 So.2d 754 (Fla. 5th DCA 1993)(lien against homestead invalid whether or not forced sale is involved); Cannon v. Cannon, 254 B.R. 773 (Bankr.S.D.Fla. 2000)(same); Prieto v. Eastern Nat. Bank, 719 So.2d 1264 (Fla. 3d DCA 1998)(same); Miskin v. City of Fort Lauderdale, 661 So.2d 415 (Fla. 4th DCA 1995)(same).