RAMIREZ, J.
Gianina Kutlesic appeals the trial court’s order granting the Estate of Bernard E. Mervel’s Motion to Compel Kutlesic to deliver the decedent’s tangible personal property and to vacate the decedent’s real property. We affirm the trial court’s order, finding there was no abuse of discretion.
Bernard Mervel died intestate in 1999. Kutlesic filed a claim against Mervel’s estate in the probate proceeding, contending that the decedent promised her his entire estate, including his condominium apartment. Kutlesic also filed a claim seeking compensation for services she rendered to the decedent, alleging that the decedent promised to compensate her by making her the sole beneficiary in his will. The Estate objected to this claim.
Kutlesic then filed a four-count complaint in the general jurisdiction division of the circuit court for breach of contract, quantum meruit, express trust and resulting trust. She alleged that, in June 1998, after the decedent was bedridden, Kutlesic became his full-time companion, nurse, cook and housekeeper. The decedent allegedly told Kutlesic that if they lived together for the rest of his life the decedent would leave Kutlesic his entire estate. Kutlesic lived with and cared for the decedent until his death on October 15, 1999.
The Estate moved to dismiss the claims for breach of contract, express trust and resulting trust, contending that these claims were impermissibly predicated upon oral communications barred by section 90.602, Florida Statute (2002), or barred by the statute of frauds. The Estate further contended that that these three claims violated section 732.701, Florida Statutes (2002), because an agreement to make a devise had to be in writing and signed by the decedent in the presence of two witnesses. The trial court granted the motion to dismiss the amended complaint with prejudice finding that the claims were barred by the statute of frauds.
Kutlesic appealed the dismissal of the three claims. She maintained that this Court had jurisdiction to entertain the appeal as a partial final judgment pursuant to Florida Rule of Appellate Procedure 9.110(k). The Estate moved to dismiss the appeal because the quantum meruit claim was factually intertwined with the three dismissed counts, rendering the order non-final in nature. This Court dismissed the appeal. Kutlesic v. Mervel, 806 So.2d 486 (Fla. 3d DCA 2001).
Thereafter, the Estate filed a declaration of adversary proceeding and a motion to compel Kutlesic to deliver tangible personal property and vacate the property. Kutlesic moved to dismiss and/or stay the adversary proceeding contending it was improper to maintain the action when the general jurisdiction case was unresolved. *233 She noted that the general jurisdiction case awaited trial on the quantum meruit count and the dismissal of the remaining counts would be resolved at the appropriate time by this Court. The trial court denied the motion to dismiss and to stay adversary proceedings. Kutlesic then filed an answer in the adversary proceeding alleging the same points that she raised in her motion to dismiss and/or stay.
After holding an evidentiary hearing, the trial court concluded that Kutlesic had no right to the property and its contents and granted the Estate’s motion to compel. The trial court awarded the Estate the decedent’s property, finding that Kutlesic’s possession had been wrongful. The Estate was also awarded the decedent’s personal property that Kutlesic had wrongfully possessed since the decedent’s death. The trial court ordered Kutlesic to vacate immediately the apartment and remove only her personal belongings. Kutlesic vacated the apartment and then filed this appeal.
We reject Kutlesic’s contention that the trial court’s order should be reversed because the probate court lacked jurisdiction due to Kutlesic’s claim for inter-vivos transfer of the property. See Partridge v. Partridge, 790 So.2d 1280, 1284 (Fla. 4th DCA 2001). We likewise find no abuse of discretion in the probate court’s refusal to recognize the primacy of the general civil, case. This estate has been pending in the probate division since October, 1999. The general jurisdiction matter was filed in 2000. The only count remaining, the quantum meruit claim, was not being actively prosecuted. In fact, Kutlesic filed a pro se notice of voluntary dismissal of her quantum meruit claim and then attempted to appeal the trial court’s February 28, 2001 order, which dismissed her breach of contract, express trust, and resulting trust counts. This appeal has also been dismissed. Kutlesic v. Mervel, 864 So.2d 421 (Fla. 3d DCA 2004). Finally, we reject the argument that the trial court did not make specific findings of fact and/or conclusions of law in its order.
Affirmed.