912 So.2d 649 (2005)
Benjamin PARTRIDGE, Appellant,
v.
Margaret PARTRIDGE, Appellee.
No. 4D04-912.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
Rehearing Denied October 24, 2005.
Wayne R. McDonough of Wayne R. McDonough, P.A., Vero Beach, for appellant.
William F. Gallese of William F. Gallese, P.A., Stuart, for appellee.
FARMER, J.
In this appeal, we face still another episode in this family's post-dissolution saga. See Partridge v. Partridge, 790 So.2d 1280 (Fla. 4th DCA 2001). The former husband once again argues that the trial court erred as a matter of law in entering a final judgment of foreclosure on an equitable lien on his property to satisfy his unpaid support obligation. We affirm.
In the prior episode, we recognized that "homestead [property] can be the subject of an equitable lien and foreclosure by forced sale in an appropriate case." Partridge, 790 So.2d at 1283. We concluded that summary judgment in favor of the former wife was improper because her affidavit lacked sufficient facts to demonstrate that he "acted either egregiously, reprehensibly, or fraudulently so as to justify a forced sale of the homestead." Id. at 1284.
After a trial on remand, the trial court made these factual findings: husband had the ability to make support payments; he intentionally and contumaciously declined to do so; he opened various bank accounts in different names; and he was found in contempt on three separate occasions for failure to pay his support obligation. They are supported by the record. His defense was that the trial court lacked authority to foreclose an equitable lien on former marital property distributed to him because the home had previously been designated as homestead during the marriage. The trial court found that permitting him to rely on a constitutional homestead defense would violate the purpose of the exemption, particularly when the wife was a former joint owner of the homestead property. The court concluded that his flagrantly contemptuous conduct justified the forced sale of his homestead property.
On appeal he once again argues that the trial court erred in concluding that his *650 conduct justified a forced sale, that the court lacked legal authority under the text of the constitutional homestead exemption, that there was no finding of fraud, and that the property was designated homestead before the divorce. Although we review the issue de novo, we stress that this Court previously rejected the very same arguments in the prior appeal. Partridge, 790 So.2d at 1283.
In Gepfrich v. Gepfrich, 582 So.2d 743 (Fla. 4th DCA 1991) (forced sale of homestead property permitted where the former husband attempted to use the homestead exemption as an instrument to defraud his former wife and to escape his debt to her), we held that homestead property can be the subject of an equitable lien where fraud or reprehensible conduct is demonstrated. We explained our rationale thus:
"As the supreme court stated in Anderson v. Anderson, 44 So.2d 652 (Fla.1950), `[t]he Courts have taken the view that inasmuch as the purpose of the exemption statute is to protect not only the husband but also his family from destitution and becoming a public charge, the exemption statute will not, unless the contrary intention is clearly shown, be construed to enable the husband to claim its benefits against the very persons to whom he owes the obligation of support and maintenance, and that to construe the statute otherwise would, at least in part, defeat its avowed object'."
Gepfrich, 582 So.2d at 744. If our holding was not evident in the husband's previous appeal, we now make clear that the trial court had the legal authority to foreclose the lien.
Although the trial court did not make a specific finding of fraud, it did find that he had acted contemptuously. Contemptuous conduct may certainly be the functional equivalent of fraud, and it represents the kind of reprehensible conduct justifying foreclosure. See Gepfrich, 582 So.2d at 745 (Farmer, J., specially concurring) ("appellant's defenses to the contempt charge. . . establish . . . the functional equivalent of fraud or reprehensible conduct sufficient for an equitable lien."). The fact that the marital property was designated as homestead before the divorce does not bar imposition of a lien on marital property distributed to one of the partners any more than the previous homestead character bars the distribution itself or partition and sale. The record supports a finding that his conduct justified the forced sale of his property.
Affirmed.
STONE, and MAY, JJ., concur.