# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0480
Lower Tribunal No. 19-22194-FC-04
_____

**Emmanuel Pacin,**
Petitioner,

vs.

**Nicole Granja,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

John F. Schutz, P.L., and John F. Schutz (Palm Beach Gardens), for petitioner.

Nancy A. Hass, P.A., and Nancy A. Hass (Hollywood), for respondent.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

PER CURIAM.

Denied.

FERNANDEZ, and LINDSEY, JJ., concur.

MILLER, J., dissenting.

I am compelled to respectfully dissent. In my view, the trial court departed from the essential requirements of law causing irreparable harm by denying the father's motion to dissolve a since-satisfied lien imposed in conjunction with an indirect civil contempt judgment. The net effect of the denial is that the father has been denied his right to purge the contempt, and therefore his homestead property is slated for a forced sale without any accompanying right of redemption. Such effect does not withstand legal scrutiny.

## I

The parties are the unmarried parents of a child with various disabilities. The trial court entered a final judgment of paternity awarding the mother full timesharing and ordering the father to pay retroactive child support, along with monthly child support and private school tuition. The father failed to comply with his obligations, and the mother subsequently filed a motion for indirect civil contempt.

The trial court adjudged the father in contempt and ordered him to pay $160,391.72, an amount reflecting the retroactive support, delinquent

3

monthly support and tuition payments, accounting fees, attorney's fees, and costs. The trial court also alluded to other potential arrearages but did not set forth any amount.

Citing a lack of cooperation, coupled with the present ability to pay and the child's unique challenges, the court found the father's conduct egregious. Consequently, the trial court imposed an equitable lien on the father's homestead property and ordered a forced sale to be conducted by a court-appointed realtor to satisfy the arrearages.[1] Sale proceeds were to remain in escrow pending a determination as to allocation.

The father subsequently satisfied the only liquidated sum set forth in the contempt judgment. Arguing his contempt was purged, he then moved to dissolve the lien, discharge the realtor, and void the requirement he escrow the proceeds. He further filed a notice indicating he had exercised his right of redemption. The trial court denied relief, and this petition followed.

---

[1] This court summarily affirmed the contempt order in a per curiam decision. See Pacin v. Granja, 383 So. 3d 477 (Fla. 3d DCA 2023).

4

## II

## A

"The common law writ of certiorari is an 'extraordinary remedy.'" Univ. of Fla. Bd. of Trs. v. Carmody, 372 So. 3d 246, 251 (Fla. 2023). To establish entitlement to relief, a movant must demonstrate that the subject order constitutes "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal." Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014). The last two elements are jurisdictional. Walgreen Co. v. Rubin, 229 So. 3d 418, 421 (Fla. 3d DCA 2017). Acknowledging that homestead protection is of a constitutional dimension and "all land is considered unique" under Florida law, the instant order is properly reviewable in certiorari. See Bermont Lakes, LLC v. Rooney, 980 So. 2d 580, 585–86 (Fla. 2d DCA 2008).

## B

In my view, the disposition of this petition turns on two separate, yet intertwined principles of law. The first principle is that a purged contemnor is "automatically" relieved of a civil contempt finding. See Sosa v. Portilla, 306 So. 3d 979, 980 (Fla. 3d DCA 2020) ("The purpose of civil contempt is to obtain compliance with a court order. For this reason, civil contempt

requires a purge provision, whereby the sanction stops as soon as the party purges itself of contempt by complying with the order."). The second is that, absent a specific showing of reprehensibility or fraud, a court is without authority to override constitutional homestead protections for the purpose of satisfying a spousal or child support judgment. See Havoco of Am., Ltd. v. Hill, 790 So. 2d 1018, 1029–30 (Fla. 2001).

C

It is axiomatic that "[t]he key safeguard in civil contempt proceedings is the ability of the contemnor to purge the contempt." Lanza v. Lanza, 804 So. 2d 408, 409 (Fla. 4th DCA 2001) (citing Parisi v. Broward Cty., 769 So. 2d 359, 365 (Fla. 2000)). Consistent with this fundamental tenet, "[i]n family law civil contempt proceedings, where a party has refused to pay court-ordered support, the court must set a purge amount, and the contemnor must have the present ability to pay that amount to purge the contempt." Elliot v. Bradshaw, 59 So. 3d 1182, 1184 (Fla. 4th DCA 2011). The purge provision may not be amorphous; it must be clear and definite. See Crutchfield v. Crutchfield, 345 So. 2d 831, 832–33 (Fla. 1st DCA 1977). After the purge provision has been satisfied, the contemnor is "automatically relieved of the contempt finding." See Douglas v. Douglas, 485 So. 2d 18, 19 (Fla. 3d DCA 1986).

**D**

In rare cases, homestead property may be encumbered and sold to satisfy family support arrearages. But this court cautioned in <u>Robles v. Robles</u>, 860 So. 2d 1014 (Fla. 3d DCA 2003), that this is the exception rather than the rule. <u>See</u> <u>id.</u> at 1015–16. "It is a constitutional given that homestead property may not ordinarily be subjected to the imposition of a lien of this kind." <u>Id.</u> at 1015. That is because homestead property is generally exempt from forced sale or judgment liens. <u>See</u> Art. X, § 4, Fla. Const. A narrow anomaly exists where the obligor "is shown to have been guilty of affirmative fraudulent or reprehensible conduct which improperly interfered with the . . . ability to recover the award." <u>Robles</u>, 860 So. 2d at 1015.

**E**

Here, the trial court found the father in contempt and ordered him to pay $160,391.72 in retroactive and past due support, tuition, costs, and accounting and attorney's fees. The court simultaneously deemed the father's conduct egregious due to his failure to provide support, despite having the ability to do so. The court therefore imposed an equitable lien and ordered a forced sale of the homestead "to satisfy the [f]ather's support obligations and other obligations as [specified in the contempt order]."

The parties do not dispute that the father subsequently satisfied the liquidated sum set forth in the contempt judgment and contemporaneously asserted he was exercising his right of redemption. This purge automatically relieved him of the contempt finding. See Douglas, 485 So. 2d at 19. Consequently, the lien and future sale were no longer justified "to satisfy the [f]ather's support obligations and other obligations as [specified in the contempt order]."

Moreover, the trial court's finding as to egregiousness was historical, as it addressed only the father's ability to the amount set forth in the purge provision of the contempt order. Because he satisfied that amount, no legal basis supported a foreclosure, let alone a continued override of his constitutional homestead protections.

The mother's arguments concerning law of the case and unliquidated and subsequent delinquencies do not compel any different conclusion. "The law of the case doctrine is 'limited to rulings on questions of law actually presented and considered on a former appeal,'" and the father did not raise purge or right of redemption as a factor in his appeal of the contempt order. See Pritz v. Sch. Bd. of Hernando Cnty., 260 So. 3d 1117, 1119 (Fla. 5th DCA 2018) (quoting Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 106 (Fla. 2001)). Nor could he, as he had not yet satisfied the judgment. Finally,

8

the trial court has not yet determined what arrearages, if any, remain to be satisfied or assessed the father's present ability to pay. As there is no authority for allowing the lien to operate as a security instrument to compel future compliance, I must respectfully dissent.