FARMER, C.J.
A husband appeals from an omnibus pretrial order that, among other things, held him in contempt for refusing, while able to do so, to comply with past orders for the payment of temporary alimony, support and attorney’s fees. Among its several provisions, the order imposed an equitable lien on a separate homestead, purchased by the husband for himself after the parties separated, and an income deduction order. These remedies were premised on the trial court’s conclusion that he was attempting to hide income and assets so as to defeat or reduce any required alimony. We reverse the equitable lien and the income deduction order.
In reversing these two aspects of the order, by no means do we intend to foreclose the use of such remedies in this case. We simply require more pointed evidence, accompanied by specific factual findings for the equitable lien, and the adjustment of any income deduction order to an amount that on its face will fit within the statutes. We affirm on all other issues.
As for the equitable lien, there is certainly some evidence from which a court might begin to justifiably compare his conduct to Gepfrich v. Gepfrich, 582 So.2d 743 (Fla. 4th DCA 1991) (forced sale of man’s homestead proper where it was used to defraud former spouse and avoid payment of marital judgment debt to her). Here, however, the court did not make any finding that the husband is using the newly acquired homestead itself as an “instrument of fraud” or as a means to escape his support obligation to his wife. While the trial court expressly relied on Sibley v. Sibley, 833 So.2d 847 (Fla. 3d DCA 2002), this record lacks the particularized evi *996 dence and findings detailed there, except perhaps for an “adamant” refusal to produce the financial information the court had several times ordered produced. On remand, to reconsider the imposition of an equitable lien, the court may receive additional evidence and should make specific findings.
As for the income deduction order, it purports to take $4,930 out of the husband’s net pay of $3,262 from his new employer, which — apart from the mathematical problem — violates both the federal and state statutes on wage garnishments and income deduction orders. 15 U.S.C. § 1673(b); § 61.1301(l)(b), Fla. Stat. (2003).
POLEN and MAY, JJ., concur.