# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1990
Lower Tribunal No. 14-28193
_____

**Jorge Luis de Diego,**
Appellant,

vs.

**Janai Barrios,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Francisco J. Vargas, P.A., and Francisco J. Vargas; Giel Family Law, P.A., and Michael M. Giel (Jacksonville), for appellant.

Isenberg Family Law Group, and Douglas Isenberg and Erica Whittler, for appellee.

Before EMAS, C.J., and FERNANDEZ, J., and LAGOA, Associate Judge.

PER CURIAM.

Jorge Luis de Diego ("Former Husband") appeals from two orders: (1) the trial court's order imposing an equitable lien in favor of Janai Barrios ("Former Wife") on the parties' marital home that Former Husband claims as homestead property; and (2) the trial court's order denying Former Husband's motion to disqualify the trial judge. We affirm the trial court's denial of the motion for disqualification without further discussion. However, for the reasons discussed below, we reverse the trial court's order imposing the equitable lien.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Former Husband and Former Wife were married in June 2004 and have two minor children from their marriage. In June 2014, Former Wife petitioned for dissolution of marriage. At the time of the dissolution, Former Husband was disabled and received Social Security income of approximately $850 per month, and Former Wife earned income of $1636 per month.

On February 23, 2016, the trial court entered a Final Judgment of Dissolution of Marriage (the "Final Judgment"), which found that the property the parties lived in during their marriage—although titled solely in Former Husband's name and purchased before the marriage—had become marital property.[1] The trial court awarded $140,000—half of the marital home's appraised value of

_____

[1] The trial court found that because the "property was mortgaged in its entire value twice," Former Wife "signed and appeared on the Mortgage Note on both occasions," and "[b]oth mortgages were paid off during the parties' marriage using marital funds," the property was a marital asset.

2

$280,000—to Former Wife in equitable distribution to be paid by Former Husband within ninety days of the Final Judgment. The trial court further reserved general jurisdiction "for the purposes of enforcing, construing, interpreting, or modifying the terms of [the] Final Judgment." Former Husband never appealed the Final Judgment.

Almost a year later, on February 20, 2017, Former Wife filed an unsworn Motion to Compel for Contempt and to Enforce Final Judgment (the "Motion to Enforce"), alleging that Former Husband had willfully "failed and refused to comply with the Final Judgment and pay the Former Wife" and "remained living in the home [while] the Former Wife was displaced" and that she was "unable to retain a new residence for herself and [the parties'] children without her share of the equity in the marital home." Based on these allegations, Former Wife requested that the trial court enter an order requiring Former Husband to pay Former Wife the $140,000 awarded by the Final Judgment within five days or, alternatively, requiring Former Husband to either refinance or sell the home to pay Former Wife. In response to the Motion to Enforce, Former Husband alleged that he was unable to pay due to his "limited resources, nominal disability income, and having no significant assets other than his homestead property" and that the trial court lacked the authority to order the sale or refinancing of the marital home, as it

would improperly modify the property rights set forth in the Final Judgment and violate the Florida Constitution's homestead exemption.

On May 2, 2017, the trial court held a hearing on the Motion for Enforcement, but rescheduled the hearing for June 16, 2017, to research which forms of relief were available to Former Wife for enforcement of the Final Judgment. At the rescheduled hearing, of which this Court only has a partial transcript, the trial court found that Former Husband's failure and refusal to pay Former Wife for over a year was egregious conduct sufficient to warrant the imposition of an equitable lien on the marital home. At this hearing, however, the trial court did not take any evidence or testimony from the parties, including testimony the Former Husband sought to proffer about his alleged willingness to pay approximately a quarter of his monthly disability income to Former Wife and his inability to refinance the marital home.

The trial court subsequently entered an order granting the Motion to Enforce, except as to finding Former Husband in contempt of court. The order imposed an equitable lien on the marital home in favor of Former Wife, giving her the right to foreclose on and sell the home at a public sale unless Former Husband paid Former Wife $140,000 plus statutory interest within ninety days of the hearing date. The trial court additionally found Former Wife was entitled to her

4

attorney's fees and costs based on Former Husband's egregious conduct. This appeal ensued.

II.     STANDARD OF REVIEW

We review an order imposing an equitable lien on homestead property for an abuse of discretion. See Randazzo v. Randazzo, 980 So. 2d 1210, 1213 (Fla. 3d DCA 2008).

III.    ANALYSIS

On appeal, Former Husband contends that the trial court abused its discretion in imposing an equitable lien on the marital home he claims as homestead property. We are compelled to agree.

The Florida Constitution provides that a homestead "shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon." Art. X, § 4(a)(1), Fla. Const. Despite this plain and unambiguous language, case law provides that "'[h]omestead property may be subjected to equitable liens where fraud, reprehensible or egregious conduct is demonstrated.'" Randazzo v. Randazzo, 980 So. 2d 1210, 1212 (Fla. 3d DCA 2008) (alteration in original) (quoting Sell v. Sell, 949 So. 2d 1108, 1112 (Fla. 3d DCA 2007)); see also Palm Beach Savings & Loan Ass'n v. Fishbein, 619 So. 2d 267, 270 (Fla. 1993) (stating "that where equity demands it this Court has not

5

hesitated to permit equitable liens to be imposed on homesteads beyond the literal language of article X, section 4"). We are compelled to follow this precedent.

In Randazzo, the trial court awarded the former husband the monetary value of his interest in the marital home, to be paid within ninety days of the final judgment of dissolution, in exchange for signing a quitclaim deed to transfer his interest in the home to the former wife. See id. at 1211. "However, when the 90-day deadline arrived, the [f]ormer [w]ife neither made payment nor requested an extension for good cause," and the former husband moved to enforce the judgment. Id. The trial court granted the motion, finding that the former wife's conduct was sufficiently egregious to impose an equitable lien on the marital home. Id. The former wife filed for bankruptcy and stayed the dissolution proceedings, but then sold the marital home and purchased another homestead with the proceeds. Id. Because of the former wife's conduct, the trial court imposed an equitable lien on her new homestead property. Id. This Court affirmed the equitable lien, finding that the trial court did not abuse its discretion in concluding that the former wife's conduct was sufficiently egregious to warrant an equitable lien on her new homestead. See id. at 1212-13.

Former Wife contends that based on Randazzo, the trial court was correct in finding that Former Husband's conduct was sufficiently egregious to justify the imposition of an equitable lien on the marital home. A review of the record,

6

however, shows that the trial court's factual findings regarding Former Husband's conduct are not supported by competent, substantial evidence, but instead are based solely on allegations in Former Wife's unsworn Motion to Enforce and arguments made by the parties' counsels at the motion hearing. Indeed, the trial court did not take any sworn testimony or evidence at the hearing, nor did Former Wife file any sworn affidavit to substantiate the allegations made in her Motion to Enforce. "[W]hen an equitable lien is sought against homestead real property, some fraudulent or otherwise egregious act by the beneficiary of the homestead protection must be proven." Isaacson v. Isaacson, 504 So. 2d 1309, 1310-11 (Fla. 1st DCA 1987). Because the record contains no evidence of conduct supporting the application of the judicially created exception to the constitutional homestead protection, we find that the trial court abused its discretion in imposing an equitable lien on the marital home. See Nadrich v. Nadrich, 872 So. 2d 994, 995-96 (Fla. 4th DCA 2004) ("[T]he court did not make any finding that the husband is using the newly acquired homestead itself as an 'instrument of fraud' or as a means to escape his support obligation to his wife. . . . [T]his record lacks the particularized evidence and findings detailed there."); Partridge v. Partridge, 790 So. 2d 1280, 1283-84 (Fla. 4th DCA 2001) (finding that former wife's affidavit attached to her motion for summary judgment was factually and legally insufficient to invoke the egregious conduct exception for placing an equitable lien

7

on the homestead); cf. Radin v Radin, 593 So. 2d 1231, 1233 (Fla. 3d DCA 1992) (noting that the trial court's finding of egregious conduct was "supported by substantial competent evidence" in the record). We express no opinion as to whether Former Husband's alleged conduct rises to the level of egregiousness that might warrant the imposition of an equitable lien on his homestead property under Randazzo and other related cases.

Accordingly, we reverse the trial court's order granting Former Wife's Motion to Enforce. On remand, if the trial court reconsiders imposing an equitable lien on the marital home based on Former Husband's alleged conduct, it should make specific findings based on evidence and testimony procured at a hearing.

Reversed and remanded for further proceedings.